UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GERALD RABY, Individually and On Behalf of All Others Similarly Situated, | Case No. 1:24-cv-10761-ADB |
| Plaintiff, | CLASS ACTION |
| v. | |
| EVOLV TECHNOLOGIES HOLDINGS, INC. F/K/A NEWHOLD INVESTMENT CORP., PETER GEORGE, MARIO RAMOS, MARK DONOHUE, KEVIN CHARLTON, and ADAM DEUTSCH | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DOUGLAS BUCHAN TO APPOINT LEAD PLAINTIFF AND APPROVE SELECTION OF LEAD COUNSEL**

Class Member Douglas Buchan ("Movant") respectfully submits this Memorandum of Law in support of his Motion for (1) appointment as Lead Plaintiff pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), (2) approval of her selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel for the class, and (3) granting such other and further relief as the Court may deem just and proper.

## I.    INTRODUCTION

This is a class action in which the plaintiff alleges that Evolv Technologies Holdings, Inc. f/k/a NewHold Investment Corp. ("Evolv" or the "Company") and its most senior executives (together with Evolv, the "Defendants") made materially false and misleading statements in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78n(a), 78t(a)), and U.S. Securities and Exchange Commission Rules 10b-5 (17 C.F.R. § 240.10b-5) and 14a-9 (17 C.F.R. § 240.14a-9) promulgated thereunder.

Specifically, the action alleges that between June 28, 2021 and March 13, 2024, inclusive (the "Class Period") Defendants misrepresented and concealed that: (1) it materially overstated the efficacy of its products; (2) the lack of effectiveness of its products regarding detection of knives and guns led to an increased risk of undetected weapons entering schools and other locations; and (3) the company deceived the general public, customers, and investors regarding the effectiveness of its products. As a result of Defendants' false and misleading statements, investors, including Movant, suffered significant harm.

Movant respectfully contends that, under the frameworks established by the PLSRA and Fed. R. Civ. P. 23, he should be appointed as lead plaintiff in the action. The PSLRA sets out the procedure for the selection of a lead plaintiff in securities class actions. *See* 15 U.S.C. §§ 78u-4(a)(1) & (a)(3)(B)(i). A court must presume that the "most adequate plaintiff" to represent the

interests of the class members is the movant that has "made a motion in response to a notice," "has the largest financial interest in the relief sought by the class," and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* § 78u-4(a)(3)(B)(iii)(I). Movant believes that he has the largest financial interest in this action by virtue of his substantial investments in Evolv throughout the Class Period. *See* Certification and Loss Chart, Declaration of Raffi Melanson ("Melanson Decl."), Exhibits ("Ex.") A and B, submitted herewith. As such, he submits that he is the "most adequate plaintiff" under the PSLRA's analysis.

In tandem with asserting the largest financial interest in this litigation, Movant also contends that he meets the applicable requirements of Rule 23 because his claims are typical of absent class members and because he will fairly and adequately represent the interests of the Class. Movant, who resides in Bartlett, Illinois, works as a director at a hospital and has been actively investing for the past 8 years, *see* Melanson Decl., Ex. D at ¶ 2, fully understands the Lead Plaintiff's obligations to the Class under the PSLRA and is willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this action. *Id.* at ¶¶ 4-5. Given his financial interest and sophistication, Movant has both the incentive and the ability to supervise and monitor counsel.

Movant has further demonstrated his adequacy through his selection of Hagens Berman as proposed Lead Counsel for the Class. Hagens Berman is a nationally recognized class action firm that has successfully litigated numerous securities class actions leading to substantial recoveries benefitting harmed investors. *See* Melanson Decl., Ex. E at 54. Hagens Berman is qualified to prosecute this case and has extensive experience in similar securities fraud class actions.

Accordingly, based on Movant's significant financial interest and his commitment and ability to oversee this action, Movant respectfully requests the Court appoint him as Lead Plaintiff and otherwise grant his motion.

## II.      ARGUMENT

### A.      Movant Should Be Appointed Lead Plaintiff

Movant should be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA establishes a rebuttable presumption for determining which purported class member is the so-called "most adequate plaintiff". § 78u-4(a)(3)(B)(iii).  The Court shall adopt the presumption that an individual is the most adequate plaintiff where he or she (1) "has either filed the complaint or made a motion in response to a notice under [the statute]," (2) "in the determination of the court, has the largest financial interest in the relief sought by the class," and (3) "otherwise satisfies the requirements of [Fed. R. Civ. P. 23]."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Once established, that presumption may be rebutted only upon proof by another class member that the originally chosen plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  *Id.* § 78u-4(a)(3)(B)(iii)(II).  As set forth below, Movant is presumptively the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

### 1.      Movant's Motion is Timely

Under the PSLRA, any class member may move to be appointed as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A).  On March 25, 2024, the above-captioned action was filed in the United States District Court for the District of Massachusetts.  The same day, a notice of pendency of the above-captioned action was published on *GlobeNewswire*, alerting

investors of the 60-day deadline to seek Lead Plaintiff status. *See* Melanson Decl., Ex. C. This deadline is Friday, May 24, 2024. Accordingly, Movant has satisfied the PSLRA's 60-day requirement through the filing of this motion.

> **2.     Movant Has the Largest Financial Interest in the Relief Sought by the Class**

Although the PSLRA does not prescribe how to determine which putative class member has the largest financial interest, courts in this and other districts have considered the following factors in making that determination: "'(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period.'" *City of Miami Fire Fighters' & Police Officers' Ret. Tr. v. Cerence Inc.*, 2022 WL 1505907, at *1 (D. Mass. May 12, 2022) (Burroughs, J.) (quoting *Ark. Teacher Ret. Sys. v. Insulet Corp.*, 177 F. Supp. 3d 618, 622 (D. Mass. 2016)). Courts using this method have also focused on approximate losses allegedly suffered as the most important factor. *Id*.

Here, Movant expended $683,811.80 purchasing 149,056 Evolv shares on the NASDAQ during the Class Period at artificially inflated prices; as a result, he suffered losses of $63,689.41. *See* Certification and Loss Charts, Melanson Decl., Exs. A & B. To the best of Movant's counsel's knowledge, there is no other plaintiff with a larger financial interest than him. Therefore, Movant satisfies the PSLRA's prerequisite of having the largest financial interest in the relief sought by the Class.

> **3.     Movant Otherwise Satisfies the Requirements of Fed. R. Civ. P. 23**

In addition to possessing the largest financial interest in the outcome of the litigation, Movant also satisfies the requirements of Federal Rule of Civil Procedure 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). To establish that a purported class member satisfies Rule 23's requirements for purposes of a lead plaintiff motion, the movant need only make a *prima facie*

showing that the movant satisfies the typicality and adequacy requirements. *Ark. Teacher Ret. Sys.*, 177 F. Supp. 3d at 622. A plaintiff's claim is typical if it arises from the "same events or course of conduct" and involves the same legal theory as the claims of the rest of the class members. *Leavitt v. Alnylam Pharms., Inc.*, 378 F. Supp. 3d 60, 65 (D. Mass. 2019). A plaintiff is adequate if (1) the movant has common interests and an absence of conflict with the other class members and (2) the movant's attorneys are qualified, experienced, and able vigorously to conduct the litigation. *Id*.

Movant satisfies both requirements. First, Movant's claims are typical of those of the other class members because he has suffered the same injuries as a result of the same course of conduct by the Defendants. Moreover, his claims are based on the same legal theory as those of the other class members because he purchased shares of Evolv stock in reliance upon allegedly false and/or misleading statements and/or omissions knowingly made by Defendants and thereafter suffered economic losses when the truth became public and Evolv's stock price dropped precipitously.

Second, Movant is an adequate lead plaintiff because he and the other class members have the same interest in maximizing the recovery from Defendants for the alleged fraud, he has a substantial financial stake in the litigation that will ensure his vigorous prosecution of the claims, and he has chosen qualified and experienced counsel.

Accordingly, Movant is presumptively the most adequate plaintiff. He also submits that there are no facts, let alone evidence, suggesting he would be an inadequate representative.

**B.** **The Court Should Approve Movant's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). This Court should not disturb the

lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Hagens Berman to serve as Lead Counsel for the proposed Class. Hagens Berman has previously been appointed as lead counsel in other matters and has a demonstrated an ability to efficiently work in the class's best interests. *See* Hagens Berman Firm Résumé, Melanson Decl., Ex. E. The firm has prosecuted numerous securities fraud class actions and other complex litigation and has obtained substantial recoveries on behalf of investors. *See id.*, Ex. E, at p. 54. The firm is also currently serving as Lead Counsel or Co-lead Counsel in several high-profile securities class actions. *See* Ex. E, at p. 56. The Court should therefore be assured that by granting this motion and appointing Hagens Berman as Lead Counsel, the proposed Class will receive the highest caliber of legal representation.

## II.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court: (1) appoint Movant as Lead Plaintiff pursuant to the PSLRA; (2) approve Movant's selection of Hagens Berman to serve as Lead Counsel for the putative/proposed Class; and (3) grant such other and further relief as the Court may deem just and proper.

DATED: May 24, 2024

HAGENS BERMAN SOBOL SHAPIRO LLP

By */s/ Raffi Melanson*
   RAFFI MELANSON
Raffi Melanson (BBO# 688650)
1 Faneuil Hall Sq., 5th Floor
Boston, MA 02109
Telephone: (617) 482-3700
Facsimile:  (617) 482-3003
raffim@hbsslaw.com

Reed R. Kathrein (*pro hac vice* forthcoming)
Lucas E. Gilmore (*pro hac vice* forthcoming)

HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

Steve W. Berman (*pro hac vice* forthcoming)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Counsel for [Proposed] Lead Plaintiff Douglas
Buchan*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

/s/ Raffi Melanson
RAFFI MELANSON
