**THE ROSEN LAW FIRM, P.A.**
Joshua Baker, Esq. (BBO #695561)
Laurence M. Rosen, Esq. (*pro hac vice* to be submitted)
Phillip Kim, Esq. (*pro hac vice* to be submitted)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: jbaker@rosenlegal.com
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GERALD RABY, Individually and on behalf of all other similarly situated,<br><br>       Plaintiff,<br><br>       v.<br><br>EVOLV TECHNOLOGIES HOLDINGS, INC. F/K/A NEWHOLD INVESTMENT CORP., PETER GEORGE, MARIO RAMOS, MARK DONOHUE, KEVIN CHARLTON, and ADAM DEUTSCH,<br><br>       Defendants. | **CASE No.: 1:24-cv-10761-ADB**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF GERALD RABY TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>**<u>CLASS ACTION</u>** |

Movant Gerald Raby ("Movant") respectfully submits this memorandum of law in support of Movant's motion for an Order, pursuant to Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)    appointing Movant as Lead Plaintiff for the class of all purchasers or acquirers of the securities of Evolv Technologies Holdings, Inc. f/k/a NewHold Investment Corp. ("Evolv" or the "Company") between June 28, 2021 and March 13, 2024, both dates inclusive (the "Class Period"); and

(b)    approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.[1]

### INTRODUCTION AND BACKGROUND

On March 25, 2024, this action was commenced against Evolv, Peter George, Mario Ramos, Mark Donohue, Kevin Charlton, and Adam Deutsch (collectively, "Defendants") for violations under the Exchange Act. That same day, an early notice pursuant to the PSLRA was issued advising class members of, among other things, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Declaration of Joshua Baker ("Baker Decl."), Ex. 1, filed herewith.

Defendant Evolv is a security technology company that provides artificial intelligence (AI)-based weapons detection for security screening in the United States and internationally. Its products include Evolv Express, a touchless security screening system designed to detect firearms, improvised explosive devices, and tactical knives; and Evolv Insights, which provides self-serve

---

[1] As stated in the Motion, given the nature of this type of motion, which can be brought by any investor irrespective of whether they have filed a complaint, counsel for Movant respectfully request leave from compliance with Local Civil Rule 7.1(a)(2) since it was unknown at the time of filing whether or which other investors intended to move this Court seeking similar relief.

access, insights regarding visitor flow and arrival curves, location specific performance, system detection performance, and alarm statistics.

The complaint alleges that, throughout the Class Period, Defendants issued materially false and/or misleading statements that misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants failed to disclose that: (1) Evolv materially overstated the efficacy of its products; (2) the lack of effectiveness of Evolv's products with regard to detecting knives and guns led to an increased risk of undetected weapons entering locations such as schools; (3) Evolv deceived the general public, its customers, and its investors regarding the effectiveness of its products; and (4) as a result, Defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times.

The truth began to emerge on November 2, 2022, when Internet Protocol Video Market ("IPVM"), a security and surveillance industry research group, published a report (the "IPVM Report") that questioned the validity of an earlier report published by The National Center for Spectator Sports Safety and Security (the "NCS") that touted the efficacy of Evolv's technology (the "NCS Report"). The IPVM Report exposed the fact that Evolv had seemingly reviewed and edited the report before it was published, going as far as to remove findings that demonstrated that Evolv's technology struggled to detect certain types of knives, as well as bombs.

Also on November 2, 2022, the BBC released an article entitled "Manchester Arena's weapon scanning tech questioned" that cited to IPVM's findings and similarly exposed the NCS Report as having been manipulated by Evolv employees. On this news, the price of Evolv stock fell by $0.08, or 2.73% to close at $2.85 on November 2, 2022. The next day, it fell a further $0.16, or 5.6%, to close at $2.69.

Then, on May 23, 2023, BBC News published an article entitled "AI scanner used in hundreds of US schools misses knives." The May 23 BBC article described an incident that had taken place in Utica, New York, in which a student had stabbed another student at school with a knife that had gone undetected through an Evolv weapons detection system. On this news, the price of Evolv stock fell by $0.45, or 7.56%, to close at $5.50 on May 23, 2023.

On October 12, 2023, before the market opened, Evolv filed with the SEC a Current Report on Form 8-K, announcing that: "On October 12, 2023, the Company announced that the U.S. Federal Trade Commission had requested information about certain aspects of its marketing practices and we are pleased to answer their questions, as well as educate them about our mission to make communities safer and more secure." On this news, the price of Evolv stock fell $0.58 per share, or 13.33%, to close at $3.77 on October 12, 2023.

On October 25, 2023, during market hours, IPVM released an article entitled "Why We Believe Evolv Express Is Not Actually Intelligent" that detailed multiple technological problems with Evolv's products, including the fact that Evolv's weapons detectors "rely on simplistic sensitivity tuning . . . rather than actual intelligence." On this news, the price of Evolv stock fell $0.06, or 1.48%, to close at $3.99 on October 25, 2023.

Then, on February 20, 2024, before the market opened, Evolv filed with the SEC a current report on Form 8-K, attached to which was a press release entitled "Evolv Technology Provides Regulatory Update." The press release disclosed that "the SEC notified the Company it was initiating an investigation that was described as a confidential "non-public, fact finding inquiry." On this news, the price of Evolv stock fell by $0.82 per share, or 15.67%, to close at $4.41 on February 20, 2024.

On March 13, 2024, the BBC released an article entitled "AI weapons scanner backtracks on UK testing claims." The article explained that, although Evolv had claimed in a press release

that the UK Government's National Protective Security Authority (the "NPSA") had "concluded that the Evolv Express solution was highly effective at detecting firearms and many other types of weapons," in reality, the NPSA does not do this type of testing. The article then explained how the BBC had contacted Evolv to inquire about this discrepancy and how, in response, Evolv had updated the press release to indicate that an independent company, rather than the NPSA, had "tested and validated" the technology using NPSA's standards. According to the article, the BBC then asked the independent company that had done the testing for comment, and that company, Metrix NDT, told the BBC that it was "not correct to say we 'validated' the system." On this news, the price of Evolv stock fell by $0.13 per share, or 3.51%, to close at $3.57 on March 13, 2024.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

**ARGUMENT**

## I. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

5

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A. Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that Movant is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[2] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $14,880 in connection with his purchases of Evolv securities. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in the

---

[2] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

Company's securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1. Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.,* 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading statements about the Company's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2. Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Evolv securities and is therefore, extremely motivated to pursue claims in this action.

### D. Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely movant.

The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class.

Further, Movant is a sophisticated investor who has been investing for 35 years. In addition, Movant is a retired Royal Canadian Airforce Officer who studied at both the Royal Military College of Canada and McGill University. Movant also flew for Air Canada for over 28 years.

## II.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching Movant's and Class Plaintiffs' claims, including reviewing publicly available financial and other documents. Furthermore, the firm has an extensive history of bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in courts throughout the country. *See* Ex. 4 hereto. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and

9

expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

<u>**CONCLUSION**</u>

For the foregoing reasons, Movant respectfully requests the Court issue an Order; (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: May 24, 2024

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Joshua Baker
Joshua Baker, Esq. (BBO #695561)
Laurence M. Rosen, Esq. (*pro hac vice* to be submitted)
Phillip Kim, Esq. (*pro hac vice* to be submitted)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: jbaker@rosenlegal.com
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff and Class*

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2024, a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF GERALD RABY TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL** was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Joshua Baker

11