# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GERALD RABY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EVOLV TECHNOLOGIES HOLDINGS, INC. F/K/A NEWHOLD INVESTMENT CORP., PETER GEORGE, MARIO RAMOS, MARK DONOHUE, KEVIN CHARLTON, and ADAM DEUTSCH,<br><br>Defendants. | Case No. 1:24-cv-10761-ADB<br><br>**CLASS ACTION** |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

I.  PRELIMINARY STATEMENT ........................................................................................1

II.  SUMMARY OF THE ALLEGATIONS ...........................................................................2

III.  ARGUMENT ....................................................................................................................4

      A.  Oklahoma Police is the "Most Adequate Plaintiff" and Should be Appointed to Serve as Lead Plaintiff ......................................................................................4

            1.  Oklahoma Police Has Met the Procedural Requirements of the PSLRA ..................................................................................................................5

            2.  Oklahoma Police Has the Largest Financial Interest ................................5

            3.  Oklahoma Police Satisfies the Requirements of Rule 23 ...........................6

                  a)  Oklahoma Police's Claims are Typical of the Class .......................6

                  b)  Oklahoma Police Will Fairly and Adequately Represent the Interests of the Class ......................................................................7

      B.  THE COURT SHOULD APPROVE OKLAHOMA POLICE'S CHOICE OF COUNSEL ........................................................................................................8

IV.  CONCLUSION ................................................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*Carr v. Analogic Corp.*,
No. 18-CV-11301-ADB, 2018 WL 4932858 (D. Mass. Oct. 10, 2018) ............................5, 6, 7

*City of Roseville Emps.' Ret. Sys. v. Textron Inc.*,
No. CIV.A. 09-00367-ML, 2009 WL 4545161 (D.R.I. Dec. 4, 2009) .....................................9

*Greebel v. FTP Software, Inc.*,
939 F. Supp. 57 (D. Mass. 1996) .............................................................................................8

*Hackel v. AVEO Pharms., Inc.*,
No. 19-CV-10783-ADB, 2019 WL 1992556 (D. Mass. May 6, 2019) ..................................6, 7

*In re Lernout & Hauspie Sec. Litig.*,
138 F. Supp. 2d 39 (D. Mass. 2001) ......................................................................................6, 7

*State Univs. Ret. Sys. of Ill. v. Sonus Networks, Inc.*,
No. C A 06-10040-MLW, 2006 WL 3827441 (D. Mass. Dec. 27, 2006) .................................7

**Statutes**

15 U.S.C. § 78u-4(a)(3) .............................................................................................................1

15 U.S.C. § 78u-4(a)(3)(A)(i) ................................................................................................4, 5

15 U.S.C. § 78u-4(a)(3)(B) .......................................................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(i) ...................................................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(iii) ............................................................................................5, 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) .............................................................................................1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) .......................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ............................................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ......................................................................................8

15 U.S.C. § 78u-4(a)(3)(B)(v) ...................................................................................................8

**Other Authorities**

H.R. Rep. No. 104-369 (1995) (Conf. Rep.), *as reprinted in* 1995 U.S.C.C.A.N. 730 ..............2, 8

S. Rep. No. 104-98 (1995) (Conf. Rep.), *as reprinted in* 1995 U.S.C.C.A.N. 679 ........................8

**Rules**

Fed. R. Civ. P. 23 .................................................................................................................... passim

Fed. R. Civ. P. 23(a)(4) ................................................................................................................7

**Docketed**

*Hayden v. Portola Pharmaceuticals Inc.*,
    No. 3:20-cv-00367-VC (N.D. Cal.) ........................................................................................9

*In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*,
    No. 18-cv-04993-NRB (S.D.N.Y.) ..........................................................................................9

*In re BP PLC Sec. Litig.*,
    No. 10-md-2185 (S.D. Tex.) .....................................................................................................9

*In re IndyMac Mortgage-Backed Sec. Litig.*,
    No. 09-cv-04583-LAK (S.D.N.Y.) ..........................................................................................9

*Utah Retirement Systems v. Healthcare Services Group, Inc., et al.*,
    No. 2:19-cv-01227-ER (E.D. Pa.) ...........................................................................................9

The Oklahoma Police Pension and Retirement System ("Oklahoma Police") respectfully submits this memorandum of law in support of its motion pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3) (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995, Pub. L. 104-67, 109 Stat. 737 (the "PSLRA"), for an order: (1) appointing Oklahoma Police to serve as Lead Plaintiff on behalf of purchasers of the securities of Evolv Technologies Holdings, Inc. ("Evolv" or the "Company") between June 28, 2021 and March 13, 2024, both dates inclusive (the "Class Period") (the "Class"); and (2) approving Oklahoma Police's selection of Berman Tabacco as Lead Counsel for the Class.

## I.       PRELIMINARY STATEMENT

Presently pending before the Court is the above-captioned federal securities class action (the "Action"), brought on behalf of persons or entities who purchased or otherwise acquired Evolv publicly traded securities during the Class Period. The Action asserts claims under Sections 10(b) and 20(a) of the Exchange Act against the Company and certain of its current and/or former officers and directors including Peter George, Mario Ramos, Mark Donohue, Kevin Charlton, and Adam Deutsch (collectively, "Defendants").

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the action and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Oklahoma Police believes that it is the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff in this Action. As set forth in more detail below, Oklahoma Police has a significant financial interest in the relief sought in this Action, having purchased 128,195 shares of Evolv common stock during the Class Period, for total expenditures of $711,922, and sustained losses of approximately $224,389 under a last in, first out

1

("LIFO") analysis and a loss of approximately $215,765 under a first in, first out ("FIFO") analysis from its investments in Evolv securities during the Class Period.[1]

Moreover, in addition to asserting the largest financial interest in this litigation, Oklahoma Police readily satisfies the relevant requirements of Rule 23 because its claims are typical of all other members of the Class, and Oklahoma Police will fairly and adequately represent the Class. Indeed, Oklahoma Police, a sophisticated public pension fund with experience supervising the work of outside counsel, is precisely the sort of institutional investor that Congress envisioned would head up securities class actions when it enacted the PSLRA. *See* H.R. Rep. No. 104-369, at 34 (1995) (Conf. Rep.), *as reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").  In addition, Oklahoma Police has further demonstrated its adequacy by selecting and retaining Berman Tabacco, a law firm with significant experience in prosecuting securities fraud class actions, to serve as Lead Counsel for the Class.

Accordingly, Oklahoma Police respectfully requests that the Court appoint it to serve as Lead Plaintiff and approve its selection of Berman Tabacco as Lead Counsel.

## II.    SUMMARY OF THE ALLEGATIONS[2]

Defendant Evolv is a security screening technology company headquartered in Waltham, Massachusetts that describes itself as a "leader in Artificial Intelligence ("AI")-based weapons detection for security screening" whose "mission is to make the world a safer and more enjoyable

---

[1] *See* Declaration of Steven J. Buttacavoli in Support of the Motion of Oklahoma Police Pension and Retirement System for Appointment as Lead Plaintiff and Approval of Its Selection of Counsel ("Buttacavoli Decl."), filed concurrently herewith, at Exhibits 2-3.

[2] All references to the "Complaint" are to the Class Action Complaint for Violations of the Federal Securities Laws, filed on March 25, 2024 (ECF No. 1), which is cited herein as "¶__."

place to live, work, learn, and play." ¶¶ 7-8. Evolv further claims that the Company is "democratizing security by making it seamless for facility operators to address the chronic epidemic of escalating gun violence, mass shootings and terrorist attacks in a cost-effective manner while improving the visitor experience." ¶ 7. The Company's common stock trades on the NASDAQ Exchange ("NASDAQ") under the ticker symbol "EVLV" and its warrants are traded on the NASDAQ under the ticker symbol "EVLVW." ¶ 9. On or around July 19, 2021, Evolv went public through a SPAC merger transaction (the "SPAC Merger") with Newhold Investment Corp. ("Newhold"). ¶ 10.

Evolv claims to produce and market "touchless" security screening devices that differ from traditional "walk-through metal detectors" by using artificial intelligence ("AI") software, "cloud services," and "advanced sensors" to "reliably detect" dangerous weapons while significantly reducing "nuisance alarms from harmless personal items." *See*, *e.g.*, ¶¶ 22, 24, 26, 33, 35, 44, 55. Notably, Evolv's technology purports "to reliably detect guns, improvised explosives, and large knives," including "tactical knives," "while ignoring harmless items like phones and keys." *See*, *e.g.*, ¶¶ 22, 24, 26, 33, 35, 37, 55. The Company touts its technology as allowing for a screening process that "faster" and less intrusive for visitors who can "walk through our solution without stopping, without removing personal items from their pockets or bags, and without having to form a single file line," beneficial for security staff who can "focus their attention on high probability threats," and allowing venues and facilities to reduce their security screening costs by "up to 70%." *See*, *e.g.*, ¶¶ 22, 33, 37, 42, 46, 59.

The Complaint alleges that, during the Class Period, Defendants misled investors and thereby artificially inflated the price of Evolv's securities by publicly issuing false and/or misleading statements and/or omitting to disclose material facts concerning Evolv's products and

services necessary to make Defendants' statements not misleading.  Specifically, the Complaint alleges that Defendants misrepresented the efficacy of Evolv's sensors, software, and services by, among other things, concealing that the Company's products were, in fact, ineffective at detecting weapons including knives and certain types of firearms and otherwise overstating Evolv's products' capabilities.  Moreover, the Complaint alleges that Evolv took significant actions to make it appear that its products were effective, including manipulating test results.

The Complaint further alleges that the truth about Defendants' misleading statements and/or omissions was revealed to the market through a series of partial corrective disclosures which caused the Company's stock price to fall.  As the truth was revealed, the Company's stock price fell and damaged Evolv's investors; Evolv's stock price eventually closed at $3.57 per share on March 13, 2024, the final day of the Class Period.

## III.   ARGUMENT

### A.   Oklahoma Police is the "Most Adequate Plaintiff" and Should be Appointed to Serve as Lead Plaintiff

The PSLRA sets forth a procedure for the appointment of a lead plaintiff in class actions brought under the Exchange Act.  15 U.S.C. § 78u-4(a)(3)(B).  First, within twenty days of filing a class action, the filing plaintiff must publish a notice advising putative class members of the pendency of the action, the claims asserted, the purported class period, and their right to move the court for appointment as lead plaintiff of the purported class within sixty days after publication of the notice.  15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, the PSLRA directs courts to consider all motions to serve as lead plaintiff filed by putative class members in response to the published notice.  15 U.S.C. § 78u-4(a)(3)(B)(i).  The Court shall appoint the presumptively most adequate plaintiff to serve as lead plaintiff; a rebuttable presumption exists that the "most adequate plaintiff" is the movant who "has the largest financial

interest in the relief sought by the class," while also satisfying the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Carr v. Analogic Corp.*, No. 18-CV-11301-ADB, 2018 WL 4932858, at \*2 (D. Mass. Oct. 10, 2018). This presumption may be rebutted only upon "proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Analogic*, 2018 WL 4932858, at \*2. As set forth herein, Oklahoma Police satisfies the foregoing criteria and is thus entitled to the presumption that it is the "most adequate plaintiff" to represent the Class and should therefore be appointed Lead Plaintiff in this Action.

### 1.   Oklahoma Police Has Met the Procedural Requirements of the PSLRA

On March 25, 2024, counsel in this Action published a notice over *Business Wire* (the "Notice") pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(A)(i), announcing that a securities class action had been filed against Defendants and advising investors in Evolv securities that they had 60 days (until May 24, 2024) to move for appointment as Lead Plaintiff. *See* Buttacavoli Decl. Ex. 1.

Oklahoma Police has timely filed the instant motion within the 60-day deadline pursuant to the Notice and has attached a Certification attesting that it is willing to serve as a class representative for the Class and provide testimony at depositions and trial, if necessary. *See* Buttacavoli Decl. Ex. 2. Accordingly, Oklahoma Police has satisfied the first procedural requirement to serve as Lead Plaintiff for the Class.

### 2.   Oklahoma Police Has the Largest Financial Interest

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Although the PSLRA does not define the

5

term "largest financial interest," most courts appoint "whichever potential lead plaintiff has suffered the largest total loss." *Hackel v. AVEO Pharms., Inc.*, No. 19-CV-10783-ADB, 2019 WL 1992556, at *1 (D. Mass. May 6, 2019).

During the Class Period, Oklahoma Police (i) purchased 128,195 shares of Evolv common stock, (ii) expended net funds of $711,922 in connection with those purchases, and (iii) sustained losses of approximately $224,389 under a last in, first out ("LIFO") analysis and a loss of approximately $215,765 under a first in, first out ("FIFO") analysis from its investments in Evolv securities during the Class Period. *See* Buttacavoli Decl. Ex. 3. Oklahoma Police is not aware of any other investor who intends to file a motion for appointment as Lead Plaintiff in this action that has suffered larger losses than Oklahoma Police. Accordingly, Oklahoma Police believes that it has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is therefore entitled to the presumption of being the "most adequate plaintiff."

### 3.      Oklahoma Police Satisfies the Requirements of Rule 23

The PSLRA requires that the movant with the largest financial interest must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). At this stage, the lead plaintiff "need only make a *prima facie* showing of typicality and adequacy" and the Court's findings on these requirements need only be "preliminary." *Analogic*, 2018 WL 4932858, at *3 (internal citations omitted).

### a)      Oklahoma Police's Claims are Typical of the Class

The "burden in proving typicality requires that the named [plaintiff's] claims arise from the 'same events or course of conduct' and involve the same legal theory as do the claims of the rest of the class." *AVEO Pharms.*, 2019 WL 1992556, at *2 (quoting *In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 46 (D. Mass. 2001)). Oklahoma Police's claims are typical of those of other Class members because, like all other Class members, Oklahoma Police: (1) purchased

6

Evolv common stock during the Class Period; (2) at artificially inflated prices caused by Defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when the truth of Defendants' misconduct was revealed. *See AVEO Pharms.*, 2019 WL 1992556, at *2 (finding typicality requirement satisfied where there was no dispute that plaintiff's claims were based on same legal theories and arose from same events and course of conduct giving rise to claims of other Class members). Accordingly, since Oklahoma Police's claims arise out of the same set operative facts and are based on the same legal theories as those of other Class members, the typicality requirement is satisfied.

### b) Oklahoma Police Will Fairly and Adequately Represent the Interests of the Class

The adequacy requirement is met if the Lead Plaintiff will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To meet the adequacy requirement, a Lead Plaintiff "must demonstrate that they have common interests and an absence of conflict with the class members and that the plaintiffs' attorneys are qualified, experienced and vigorously able to conduct the litigation." *Analogic*, 2018 WL 4932858, at *2 (quoting *Lernout*, 138 F. Supp. 2d at 46). Oklahoma Police's interests are perfectly aligned with the other members of the Class and are not antagonistic in any way. Indeed, Oklahoma Police has the same interest as all members of the Class: to maximize the recovery from the Defendants. Oklahoma Police has submitted a Certification declaring its commitment to protect the interests of the Class. *See* Buttacavoli Decl. Ex. 2. There are no facts that indicate any conflicts of interest between Oklahoma Police and the other Class members. Further, because of Oklahoma Police's substantial financial stake in the litigation, Class members can be assured that it has the incentive to vigorously represent their interests. *See State Univs. Ret. Sys. of Ill. v. Sonus Networks, Inc.*, No. C A 06-10040-MLW, 2006 WL 3827441, at *2 (D. Mass. Dec. 27, 2006) (noting institutional investor has both "the ability

and incentive to represent the class vigorously"). Indeed, Oklahoma Police is the paradigmatic lead plaintiff envisioned by Congress in its enactment of the PSLRA—a sophisticated institutional investor with a substantial financial interest in the litigation. *See* S. Rep. No. 104-98, at 11 (1995) (Conf. Rep.), *as reprinted in* 1995 U.S.C.C.A.N. 679, 690 ("The Committee intends to increase the likelihood that institutional investors will serve as lead plaintiffs …"); H.R. Rep. No. 104-369, at 34, *as reprinted in* 1995 U.S.C.C.A.N. at 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 63 (D. Mass. 1996) (observing PSLRA's "presumption that institutional investors be appointed lead plaintiff").

Additionally, Oklahoma Police has demonstrated its adequacy through its selection of Berman Tabacco as Lead Counsel for the proposed class. As discussed more fully below, Berman Tabacco is highly qualified and experienced in securities class action litigation and has repeatedly demonstrated its ability to prosecute complex class action litigation effectively and in a professional manner. Therefore, Oklahoma Police meets the Rule 23 adequacy requirement.

Taken together, Oklahoma Police meets the typicality and adequacy requirements of Rule 23 and should be appointed Lead Plaintiff.

**B.    THE COURT SHOULD APPROVE OKLAHOMA POLICE'S CHOICE OF COUNSEL**

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). Consistent with Congressional intent, a court should not disturb the Lead Plaintiff's choice of counsel, unless it is necessary to "protect the interests of the plaintiff class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see City of Roseville*

8

*Emps.' Ret. Sys. v. Textron Inc.*, No. CIV.A. 09-00367-ML, 2009 WL 4545161, at \*4 (D.R.I. Dec. 4, 2009) (explaining courts' deference to lead plaintiff's selection of counsel).

Here, Oklahoma Police has selected Berman Tabacco as Lead Counsel. Berman Tabacco is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous matters on behalf of investors throughout the United States as detailed in the firm's resume. *See* Buttacavoli Decl. Ex. 4. The firm has been ranked as a *Top Ten Plaintiffs'* firm by *Benchmark Litigation* for the past eight consecutive years. *Id*. Since the passage of the PSLRA, Berman Tabacco has recovered billions of dollars on behalf of defrauded investors, including: *In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*, No. 18-cv-04993-NRB (S.D.N.Y.) (as lead counsel representing the Utah Retirement Systems, the firm reached a $41,749,999 settlement); *Hayden v. Portola Pharmaceuticals Inc.*, No. 3:20-cv-00367-VC (N.D. Cal.) (as lead counsel representing the Alameda County Employees' Retirement Association, the firm reached a $17.5 million settlement); *Utah Retirement Systems v. Healthcare Services Group, Inc., et al.*, No. 2:19-cv-01227-ER (E.D. Pa.) (as lead counsel representing the Utah Retirement Systems, the firm reached a $16.8 million settlement); *In re BP PLC Sec. Litig.*, No. 10-md-2185 (S.D. Tex.) (as co-lead counsel representing the Ohio Public Employees Retirement System, the firm reached a $175 million settlement); *In re IndyMac Mortgage-Backed Sec. Litig.*, No. 09-cv-04583-LAK (S.D.N.Y.) (as sole lead counsel representing the Wyoming State Treasurer and the Wyoming Retirement System, the firm reached settlements worth $346 million). Berman Tabacco has the skill and knowledge necessary to enable them to prosecute this action effectively and expeditiously.

Accordingly, the Court should approve Oklahoma Police's selection of Lead Counsel for the Class.

9

## IV.    CONCLUSION

For the foregoing reasons, Oklahoma Police respectfully requests that the Court: (1) appoint Oklahoma Police to serve as Lead Plaintiff in this Action; and (2) approve Oklahoma Police's selection of Berman Tabacco as Lead Counsel for the Class.

DATED: May 24, 2024                          **BERMAN TABACCO**

*/s/ Steven J. Buttacavoli*
Steven J. Buttacavoli (BBO #651440)
Patrick T. Egan (BBO #637477)
Christina L. Gregg (BBO #709220)
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
Email: sbuttacavoli@bermantabacco.com
        pegan@bermantabacco.com
        cgregg@bermantabacco.com

*Counsel for Movant Oklahoma Police Pension and Retirement System and Proposed Lead Counsel for the Proposed Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 24, 2024, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system, which will send notification of such filing to all registered

participants on the Notice of Electronic Filing (NEF).


*/s/ Steven J. Buttacavoli*
Steven J. Buttacavoli