**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GERALD RABY, Individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>     v.<br><br>EVOLV TECHNOLOGIES HOLDINGS, INC. F/K/A NEWHOLD INVESTMENT CORP., PETER GEORGE, MARIO RAMOS, MARK DONOHUE, KEVIN CHARLTON, and ADAM DEUTSCH,<br><br>              Defendants. | Case No. 1:24-cv-10761-ADB |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF ROBERT FALK FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

Robert Falk ("Falk") respectfully submits this memorandum of law in support of his motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*. (the "PSLRA") for an Order: (1) appointing Falk as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Falk's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel and Andrews DeValerio LLP ("Andrews DeValerio") as Liaison Counsel for the class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.     PRELIMINARY STATEMENT

This is a class action on behalf of persons who purchased or otherwise acquired Evolv Technologies Holdings, Inc. f/k/a NewHold Investment Corp. ("Evolv" or the "Company"), securities between June 28, 2021 and March 13, 2024, inclusive (the "Class Period").

The PSLRA provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff.

Falk believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Falk satisfies the relevant requirements of Rule 23, as his claims are typical of other class members' claims, and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Falk respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Falk's selection of GPM as lead counsel and Andrews DeValerio as liaison counsel for the class should be approved because GPM has substantial expertise in federal securities litigation and the firms have the experience and resources to efficiently prosecute this action.

## II.      FACTUAL BACKGROUND[1]

Evolv describes itself as a "leader in Artificial Intelligence ("AI")-based weapons detection for security screening" with the mission to "make the world a safer and more enjoyable place to live, work, learn, and play" by "making it seamless for facility operators to address the chronic epidemic of escalating gun violence, mass shootings and terrorist attacks in a cost-effective manner while improving the visitor experience."

The complaint filed in this action alleges that throughout the Class Period Defendants made materially false and/or misleading statements and failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (1) Evolv materially overstated the efficacy of its products; (2) the lack of effectiveness of Evolv's products with regard to detecting knives and guns led to an increased risk of undetected weapons entering locations such as schools; (3) Evolv deceived the general public, its customers, and its investors regarding the effectiveness of its products; and (4) as a result, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis at all relevant times.

On November 2, 2022, IPVM published a report detailing Evolv's "deceptive marketing and colluding with NCS4, a public entity, to hide test results showing failures at weapons screening." That same day, BBC published an article alleging that, despite Evolv's claims that its

---

[1] This section is adapted from the allegations in the complaints filed in the above-captioned actions.

AI scanners can detect all weapons, "they may fail to detect certain types of knives, as well as some bombs and components." Further, the article reported that a previous National Center for Spectator Sports Safety and Security ("NCS4") report had been manipulated by Evolv employees, including deleting a reference to the system being incapable of detecting every knife. On this news, Evolv's stock price fell $0.08, or 2.7%, to close at $2.85 per share on November 2, 2022, thereby injuring investors.

Then, on May 23, 2023, BBC News reported that a student was attacked with a 9-inch long knife that had gone undetected by the Evolv weapons scanner at his school. The attacked triggered an internal investigation by the school district, which determined that "the Evolv Weapon Detection system… was not designed to detect knives." On this news, Evolv's stock price fell $0.45, or 7.6%, to close at $5.50 per share on May 23, 2023.

Then, on October 12, 2023, Evolv disclosed that the U.S. Federal Trade Commission requested information about "certain aspects" of the Company's "marketing practices." On this news, Evolv's stock price fell $0.58, or 13.3%, to close at $3.77 per share on October 12, 2023.

Then, on February 20, 2024, Evolv disclosed that the U.S. Securities and Exchange Commission ("SEC") notified the Company that the SEC was initiating a "non-public, fact finding inquiry." On this news, Evolv's stock price fell $0.82, or 15.7%, to close at $4.41 per share on February 20, 2024.

Then, on March 13, 2024, the BBC released an article stating that Evolv claimed that its AI weapons scanner had been tested by the UK Government's National Protective Security Authority ("NPSA"), however, the NPSA does not do that type of testing. Evolv then stated that an independent company had "tested and validated" its technology using NPSA standards. Following those claims, the independent company that did the testing told BBC News that it was

3

"not correct to say [it] 'validated' the system." On this news, Evolv's stock price fell $0.13, or 3.5%, to close at $3.57 per share on March 13, 2024, thereby injuring investors further.

As a result of the Defendants' acts and omissions, and the precipitous decline in the market value of the Company's securities during the Class Period, Falk and other members of the class have suffered significant losses and damages.

## III.  ARGUMENT

### A.  Falk Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

As set forth below, Falk ssatisfies all the PSLRA criteria and has complied with all the PSLRA's requirements to be appointed lead plaintiff. Falk has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Falk is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Falk respectfully submits that he should be appointed lead plaintiff. *See Leech v. Brooks Automation, Inc.*, 06-11068-RWZ, 2006 WL 3690736, at *1 (D. Mass. Dec. 13, 2006); *Coopersmith v. Lehman Bros., Inc.*, 344 F. Supp. 2d 783, 789 (D. Mass. 2004).

### 1.      Falk Filed a Timely Motion

On March 25, 2024, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), a notice was published announcing that this securities class action had been filed against Defendants herein. *See* Declaration of Daryl Andrews ("Andrews Decl."), Ex. A; *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62, 63 (D. Mass. 1996) (concluding publication on a national wire service satisfies the PSLRA notice requirement). Therefore, Falk had sixty days, or until May 24, 2024, to file a motion to be appointed as lead plaintiff. Accordingly, his motion is timely.

Additionally, as set forth in his PSLRA certification, Falk attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as representative of the class. *See* Andrews Decl., Ex. B. Accordingly, Falk satisfies the first PSLRA requirement to be appointed lead plaintiff.

### 2.      Falk Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Falk believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and are presumed to be the "most adequate plaintiff."

Falk purchased Evolv securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered substantial financial losses of $675,707.12. *See* Andrews Decl., Ex. C. To the best of his knowledge, Falk is not aware of any other class member that has filed a motion for appointment as lead plaintiff who is claiming a larger financial loss. Falk believes he has the "largest financial interest in the relief sought by the class." Thus, Falk satisfies the second PSLRA requirement—the largest financial interest—to be appointed as lead plaintiff for the class. *See Greebel*, 939 F. Supp. at 64.

### 3.      Falk Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

6

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *see also In re Lernout & Hauspie*, 138 F. Supp. 2d 39, 46 n.4 (D. Mass. 2001) (noting that only a preliminary showing of typicality is required at this stage).

### a)      Falk's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Swack v. Credit Suisse First Boston*, 230 F.R.D. 250, 260 (D. Mass. 2005). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Falk's claims are typical of the claims asserted by the proposed class. Like all members of the class, Falk alleges that Defendants' material misstatements and omissions concerning Evolv's business, operations, and financial prospects violated the federal securities laws. Falk, like all of the members of the class, purchased Evolv securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, Falk's interests and claims are "typical" of the interests and claims of the class.

### b)      Falk Is an Adequate Representative

The adequacy requirement is satisfied where the moving party shows "that the interests of the representative party will not conflict with the interests of the class members, and . . . that counsel chosen by the representative party is qualified, experienced and able to vigorously

conduct the proposed litigation." *Swack*, 230 F.R.D. at 265 (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985)).

Falk has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Andrews Decl., Ex. C. Falk resides in Sweden and has been managing his own investments for decades. I am currently retired, but I formerly worked for Evolv Technologies, Inc. until 2019. Falk holds degrees in Mechanical Engineering and International Business Management. Falk is also not aware of any conflict between his claims and those asserted on behalf of the class. As such, Falk is adequate to represent the class, and should be appointed as lead plaintiff.

### B.    The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Falk has retained GPM as lead counsel and Andrews DeValerio as liaison counsel. GPM possesses extensive experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See* Andrews Decl., Ex. D. Thus, the Court may be assured that, by granting Falk's Motion, the class will receive the highest caliber of legal representation.

### IV.    CONCLUSION

For the foregoing reasons, Falk respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Falk as Lead Plaintiff; (2) approving Falk's selection of Glancy Prongay & Murray LLP as Lead Counsel and Andrews DeValerio as Liaison Counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

8

DATED: May 24, 2024

**ANDREWS DEVALERIO LLP**

By:   *s/ Daryl Andrews*
Glen DeValerio (BBO #122010)
Daryl Andrews (BBO #658523)
P.O. Box 67101
Chestnut Hill, MA 02467
Telephone: (617) 999-6473
Email: glen@andrewsAndrews.com
       daryl@andrewsAndrews.com

*Liaison Counsel for Robert Falk and Proposed*
*Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Robert Falk and Proposed Lead*
*Counsel for the Class*

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of May 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*s/ Daryl Andrews*
Daryl Andrews
