UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GERALD RABY, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EVOLV TECHNOLOGIES HOLDINGS, INC. F/K/A NEWHOLD INVESTMENT CORP., PETER GEORGE, MARIO RAMOS, MARK DONOHUE, KEVIN CHARLTON, and ADAM DEUTSCH,<br><br>Defendants. | Case No. 1:24-cv-10761-ADB |

**ROBERT FALK'S OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

Lead Plaintiff Movant Robert Falk ("Falk") submits this memorandum of law in opposition to the three other competing motions for appointment as lead plaintiff and approval of lead counsel filed by other purported class members (Dkt. Nos. 8, 11, 14). Falk should be appointed as lead plaintiff and his counsel should be approved because Falk has the largest financial interest.

## I.     INTRODUCTION

Falk's losses are more than three times that of the Oklahoma Police Pension and Retirement System (the "Retirement System").[1] The PSLRA directs the Court to appoint the "most adequate plaintiff" as lead plaintiff—*i.e.*, the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA further provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that, *inter alia*, has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). The Retirement System cannot rebut that presumption.

As demonstrated in Falk's memorandum of law in support of his lead plaintiff motion (Dkt. No. 18), Falk has the largest financial interest in the relief sought by the class. Falk's financial interest, as measured by his last in, first out ("LIFO") loss, is $675,707.12. *See* Dkt. No. 19 at 12. As such, Falk is the presumptively "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

---

[1]     Four movants originally filed competing motions for appointment as lead plaintiff and approval of their choice for lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"): Falk (Dkt. No. 17); the Retirement System (Dkt. No. 14); Douglas Buchan ("Buchan") (Dkt. No. 8); and Gerald Raby ("Raby") (Dkt. No. 11). None of the movants have a larger financial interest than Mr. Falk. Buchan subsequently filed a notice informing the Court that he does not oppose the competing motions on the basis that he does not have the largest financial interest. (Dkt. No. 22). And Raby withdrew his motion (Dkt. No. 21).

Since Falk is the presumptively most adequate plaintiff, and the presumption has not been rebutted, Falk should be appointed as lead plaintiff. In addition, his selection of lead counsel should be approved.[2]

## II.  FALK IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF BECAUSE HE HAS THE LARGEST FINANCIAL INTEREST

As detailed in Falk's moving papers, Falk satisfies all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). After reviewing the competing motions, that remains true. Falk filed a timely motion for appointment as lead plaintiff. *See* Dkt. No. 17; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Falk satisfies the requirements of Rule 23, as demonstrated in his memorandum of law in support of his lead plaintiff motion. *See* Dkt. No. 18 at 7-9; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). As explained *infra*, Falk has the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

"To determine the largest financial interest, courts may consider several factors, including (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *City of Miami Fire Fighters' & Police Officers' Ret. Tr. v. Cerence Inc.*, No. 1:22-cv-10321, 2022 WL 1505907, at *1 (D. Mass. May 12, 2022) (quotation marks omitted).

"Most courts appoint whichever potential lead plaintiff has suffered the largest total loss." *Id.*; *see also Luongo v. Desktop Metal, Inc.*, No. 21-cv-12099, 2022 WL 2532498, at *3 (D. Mass. July 7, 2022) ("Among these four factors, courts have considered the approximate losses suffered to be the most important in determining the largest financial interest."). And "[t]he overwhelming

---

[2]   "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

2

trend . . . nationwide has been to use LIFO to calculate such losses." *See id.* at *3 (citation omitted). Here, Falk has a much larger LIFO loss than the other lead plaintiff movants:[3]

| Movant | LIFO Loss |
|---|---|
| Falk | $675,707 |
| Retirement System | $222,469 |
| Buchan | $61,749 |
| Raby | $14,880 |

This chart shows that Falk's loss is more than triple that of the Retirement System—the movant with the next-largest loss. Thus, there should be no question that Falk has the largest financial interest in the relief sought by the class.

Since Falk also satisfies the requirements of Rule 23, and filed a timely motion, Falk is the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

**III.   THE PRESUMPTION THAT FALK IS THE MOST ADEQUATE PLAINTIFF HAS NOT BEEN REBUTTED**

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No proof can be presented that Falk would be inadequate or subject to unique defenses. Falk has decades of experience managing his investments, holds degrees in Mechanical Engineering and International Business Management, and until 2019 was employed by Evolv Technologies, Inc. (the private company that was later acquired by Defendant Evolv Technologies Holdings, Inc.). *See* Dkt. No. 18 at 9.  Falk is a highly

---

[3]   The figures in this chart may differ slightly from the figures submitted in the movants' motion papers because the loss values in this chart are normalized using the same 90-day average price to value losses on retained shares as was used in Falk's' financial interest analysis.

3

educated and sophisticated individual and would be an ideal lead plaintiff. Falk should be appointed as lead plaintiff.

## IV. THE LEAD PLAINTIFF'S CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Falk has selected Glancy Prongay & Murray LLP to be lead counsel. The firm has decades of experience prosecuting securities class actions, and the expertise and resources needed to efficiently and effectively conduct this litigation. *See* Dkt. No. 19 at 14-41 (firm résumé). By approving Falk's selection of counsel, the Court will ensure that the class will receive the highest caliber of legal representation. Accordingly, Falk's selection of lead counsel for the class should be approved.

## V. CONCLUSION

For the foregoing reasons, Falk respectfully requests that the Court enter an Order: (1) appointing Falk as Lead Plaintiff; (2) approving Glancy Prongay & Murray LLP as Lead Counsel for the class; and (3) denying the competing motions.

Respectfully submitted,

DATED: June 7, 2024            **ANDREWS DEVALERIO LLP**

By: *s/ Daryl Andrews*
Glen DeValerio (BBO #122010)
Daryl Andrews (BBO #658523)
P.O. Box 67101
Chestnut Hill, MA 02467
Telephone: (617) 999-6473
Email: glen@andrewsAndrews.com
         daryl@andrewsAndrews.com

*Liaison Counsel for Robert Falk and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay

4

Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Robert Falk and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 7th day of June 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

                                                      *s/ Daryl Andrews*
                                                      Daryl Andrews