# EXHIBIT 9

424B3 1 f424b30621_newholdinv.htm FORM 424B3

**Filed Pursuant to Rule 424(b)(3)**
**Registration No. 333-255017**

## PROPOSED MERGER

### YOUR VOTE IS VERY IMPORTANT

Dear Stockholders:

You are cordially invited to attend the special meeting of the stockholders (the "Meeting") of NewHold Investment Corp. ("NHIC"), which will be held at 8:00 a.m., Eastern time, on July 15, 2021. Due to the continuing public health concerns relating to the coronavirus pandemic and our concerns about protecting the health and well-being of our stockholders and employees, the Board of Directors has determined to convene and conduct the Meeting in a virtual meeting format at *https://www.cstproxy.com/nhicspac/2021*. Stockholders will NOT be able to attend the Meeting in-person. This proxy statement/prospectus includes instruction on how to access the virtual Meeting and how to listen, vote, and submit questions from home or any remote location with Internet connectivity.

NHIC is a Delaware blank check company established for the purpose of entering into a merger, share exchange, asset acquisition, stock purchase, recapitalization, reorganization or other similar business transaction with one or more businesses or entities, which we refer to as a "target business." Holders of NHIC common stock, which refers to NHIC's Class A common stock and our Class B common stock, collectively, will be asked to approve, among other things, the agreement and plan of merger, dated as of March 5, 2021, as amended by that certain First Amendment to Agreement and Plan of Merger dated June 5, 2021 (as amended, the "Merger Agreement"), by and among NHIC, NHIC Sub Inc., a Delaware corporation and wholly-owned subsidiary of NHIC ("Merger Sub") and Evolv Technologies, Inc., dba Evolv Technology, Inc., a Delaware corporation ("Evolv"), and the other related proposals.

Upon the closing of the transactions contemplated in the Merger Agreement, Merger Sub will merge with and into Evolv (the "Merger") with Evolv surviving the Merger as a wholly owned subsidiary of NHIC. In addition, in connection with the consummation of the Merger, NHIC will be renamed "Evolv Technologies Holdings, Inc." The transactions contemplated under the Merger Agreement relating to the Merger are referred to in this proxy statement/prospectus as the "Business Combination" and the combined company after the Business Combination is referred to in this proxy statement/prospectus as the "Combined Company."

As of March 31, 2021, there was approximately $172,598,000 in NHIC's trust account (the "Trust Account"). On June 10, 2021, the record date for the Meeting of stockholders, the last sale price of the common stock was $10.10.

Each stockholder's vote is very important. Whether or not you plan to participate in the virtual Meeting, please submit your proxy card without delay. Stockholders may revoke proxies at any time before they are voted at the meeting. Voting by proxy will not prevent a stockholder from voting virtually at the Meeting if such stockholder subsequently chooses to participate in the Meeting.

**We encourage you to read this proxy statement/prospectus carefully. In particular, you should review the matters discussed under the caption "Risk Factors" beginning on page 26.**

**NHIC's board of directors unanimously recommends that NHIC stockholders vote "FOR" approval of each of the proposals.**

**Neither the Securities and Exchange Commission nor any state securities commission has approved or disapproved of the securities to be issued in the Business Combination or otherwise, or passed upon the adequacy or accuracy of this proxy statement. Any representation to the contrary is a criminal offense.**

/s/ Kevin Charlton

Kevin Charlton

Chief Executive Officer

NewHold Investment Corp.

June 28, 2021

Table of Contents

**Interests of Certain Persons in the Business Combination**

When you consider the recommendation of the Board in favor of adoption of the Business Combination Proposal and other proposals, you should keep in mind that NHIC's directors and officers have interests in the Business Combination that are different from, or in addition to, your interests as a shareholder, including:

- If a proposed Business Combination is not completed by August 4, 2022, NHIC will be required to dissolve and liquidate. In such event, the 4,312,500 shares of our Class B common stock currently held by the Initial Stockholders, which were acquired prior to the IPO will be worthless because such holders have agreed to waive their rights to any liquidation distributions. Such shares of common stock had an aggregate market value of approximately $43,556,250 based on the closing price of our common stock of $10.10 on the Nasdaq Stock Market as of June 10, 2021.

- If the proposed Business Combination is not completed by August 4, 2022, the 5,250,000 Private Placement Warrants purchased for a total purchase price of $5,250,000, will be worthless. Such Private Placement Warrants had an aggregate market value of approximately $9,450,000, based on the closing price of NHIC's warrants of $1.80 on Nasdaq as of June 10, 2021;

- The exercise of NHIC's directors' and officers' discretion in agreeing to changes or waivers in the terms of the transaction may result in a conflict of interest when determining whether such changes or waivers are appropriate and in our stockholders' best interest.

- If the Business Combination is completed, Evolv will designate (all except for Kevin Charlton and Neil Glat), members of the Combined Company's Board of Directors.

See "*The Business Combination Proposal — Interests of Certain Persons in the Business Combination*" for additional information.

**Anticipated Accounting Treatment**

The Business Combination will be accounted for as a "reverse recapitalization" in accordance with GAAP. Under this method of accounting NHIC will be treated as the "acquired" company for financial reporting purposes. This determination is primarily based on the fact that subsequent to the Business Combination, the Evolv Shareholders are expected to have a majority of the voting power of the Combined Company, Evolv will comprise all of the ongoing operations of the Combined Company, Evolv will comprise a majority of the governing body of the Combined Company, and Evolv's senior management will comprise all of the senior management of the Combined Company. Accordingly, for accounting purposes, the Business Combination will be treated as the equivalent of Evolv issuing shares for the net assets of NHIC, accompanied by a recapitalization. The net assets of NHIC will be stated at historical costs. No goodwill or other intangible assets will be recorded. Operations prior to the Business Combination will be those of Evolv.

**Summary of Material United States Federal Income Tax Considerations**

NHIC and Evolv intend that, for U.S. federal income tax purposes, the Business Combination will qualify as a "reorganization" within the meaning of Section 368(a) of the Code and NHIC and Evolv have agreed to use their reasonable best efforts to cause the Business Combination to so qualify. It is not a condition to the completion of the Merger that either NHIC or Evolv receives an opinion of counsel to the effect that the Business Combination will so qualify, and the Merger may be fully taxable to U.S. holders of NHIC capital stock for U.S. federal income tax purposes. No ruling has been, or will be, sought by NHIC or Evolv from the IRS with respect to the Business Combination and there can be no assurance that the IRS will not challenge the qualification of the Business Combination as a "reorganization" under Section 368(a) of the Code or that a court would not sustain such a challenge. Assuming that the Business Combination so qualifies, except with respect to the receipt of cash in lieu of fractional shares of Evolv common stock, a U.S. Holder (as defined herein) of Evolv common stock generally will not recognize any loss for U.S. federal income tax purposes upon receipt of shares of NHIC common stock but may recognize gain or loss for U.S. federal income tax purposes with respect to any cash received in lieu of fractional shares of Evolv common stock. The tax consequences of the transactions to each Evolv stockholder may depend