**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GERALD RABY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EVOLV TECHNOLOGIES HOLDINGS, INC. F/K/A NEWHOLD INVESTMENT CORP., PETER GEORGE, MARIO RAMOS, MARK DONOHUE, KEVIN CHARLTON, and ADAM DEUTSCH,<br><br>Defendants. | Case No. 1:24-cv-10761 (ADB)<br><br>Hon. Allison D. Burroughs<br><br>**CLASS ACTION**<br><br><br><br>**Leave to File Granted on June 27, 2024** |

**OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM'S**
**MEMORANDUM OF LAW IN RESPONSE**
**TO ROBERT FALK'S REPLY MEMORANDUM**

Lead Plaintiff Movant Oklahoma Police Pension and Retirement System ("Oklahoma Police") submits this response in further support of its motion for appointment as Lead Plaintiff and approval of its selection of counsel (ECF No. 14) and in response to Robert Falk's Reply Memorandum of Law in Response to Oklahoma Police's Opposition to Competing Motions for Lead Plaintiff ("Falk Reply" or "Reply") (ECF No. 31).  Because Robert Falk ("Falk") has not made a sufficient showing that he falls within the proposed Class definition and has failed to make the requisite prima facie showing that he meets the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure, Falk should not be appointed Lead Plaintiff in this action.  Because there has been no challenge made to Oklahoma Police's showing that it has the largest financial interest in this litigation of any qualified movant, Oklahoma Police should be appointed Lead Plaintiff on behalf of the Class.

The Falk Reply fails to address key defects in his application described in the Oklahoma Police's opposition brief (ECF No. 24, "OPPRS Opp.").  Notably, Falk has not shown that he purchased or acquired *publicly traded* securities consistent with the proposed Class definition and Class allegations in the Complaint[1] and, fatal to his application, has made no showing that he made any "investment decision" in acquiring shares of Evolv Technologies Holding, Inc. ("Evolv") that would make him a member of the proposed Class or make his claims typical or common with the members of the proposed Class.  Moreover, Falk does nothing to address his class period public statements that Evolv's products should not be required to "bother finding small items that won't cause mass casualties" when the Company's failure to disclose that its products could not find small weapons is at issue in the pending case.  Oklahoma Police, which is unencumbered by such

---

[1] Complaint for Violations of the Federal Securities Laws (Mar. 25, 2024), ECF No. 1 (the "Complaint" or "Compl.").

potentially disabling or complicating facts, should be appointed Lead Plaintiff in this matter and its choice of counsel should be approved.

**I.      THE FALK REPLY DOES NOT DEMONSTATE THAT FALK IS A MEMBER OF THE CLASS WHO HAS A VALID CLAIM SUCH THAT HE CAN BE CONSIDERED THE "PRESUMPTIVELY MOST ADEQUATE" MOVANT**

Prior to considering whether there is a proper showing that Falk will adequately represent the Class or is typical or adequate (or any rebuttal thereof), Falk must first demonstrate that he is a member of the Class who has a valid claim under the Securities Exchange Act of 1934 in order to be considered the presumptive Lead Plaintiff.  Here, Falk falls short of demonstrating this.

First, Falk fails to demonstrate that he purchased or acquired "Evolv" shares that were publicly traded on the NASDAQ exchange, as the Complaint requires.   The Falk Reply acknowledges that the Class definition requires that Class members have acquired "Evolv securities publicly traded on the NASDAQ during the Class Period and were damaged thereby."[2] Nevertheless, he mistakenly conflates the Complaint's definition of "Evolv" and Legacy Evolv. In fact, in clarifying allegations referring to the "Company," the Complaint expressly draws a distinction between non-publicly traded Evolv as it existed before the merger with Newhold Investment Corp. ("Newhold") (*i.e.*, "Legacy Evolv").  Compl. ¶ 10.  Indeed, contrary to Falk's assertion, *see* Falk Reply 3, paragraph 10 of the Complaint does not state that "prior to the July 19, 2021 SPAC merger, the *Company's* shares traded on the NASDAQ under the ticker symbol "NHIC," Compl. ¶ 10 (emphasis added).  Rather, paragraph 10 states that "[p]rior to the SPAC Merger, *Newhold* traded on the NASDAQ under the ticker symbol 'NHIC'."  Compl. ¶ 10 (emphasis added).  Moreover, to further clarify this distinction, the Complaint expressly states that "Evolv's common stock trades on the NASDAQ Exchange ('NASDAQ') under the ticker symbol

---

[2] *See* OPPRS Opp. 2; Compl. ¶ 100.

'EVLV'" and "Evolv warrants trade on the NASDAQ under the ticker symbol 'EVLVW.'" Compl. ¶ 9. As Oklahoma Police explains, Evolv only started trading on the NASDAQ under the symbol EVLV on July 19, 2021, three days *after* Falk had his Newhold shares converted into Evolv shares. Thus, Falk cannot claim to have acquired Evolv common stock that was then-traded on the NASDAQ under the ticker symbol "EVLV." Thus, Falk's shares do not meet the Complaint's definition because they were Newhold shares that were converted into Evolv shares pursuant to the terms of a privately negotiated merger agreement, converted before Evolv traded on the NASDAQ under the ticker EVLV, and, further, were subject to lock up restrictions for 180 days (OPPRS Opp. 2 n.4). Falk is excluded from the Class as defined in the Complaint on this basis alone.

Even more critically, Falk has not attempted to rebut Oklahoma Police's argument or otherwise demonstrate that he made any "investment decision" in connection with the conversion of his Newhold shares into Evolv shares on July 16, 2021. *See* OPPRS Opp. 2, 7-8.

While Falk is correct that some mergers may result in an exchange of shares that can give rise to securities fraud claims, this only occurs when the investor made an investment decision in connection with the merger, as Oklahoma Police explained in its opposition. Indeed, the principal case to which Falk cites involves a merger where the investors asserting securities fraud claims alleged that, unlike here, they were deceived by the defendant company *in their vote to approve the merger*. *See Sec. & Exch. Comm'n v. Nat'l Sec., Inc.*, 393 U.S. 453, 467–68 (1969) ("[a]ccording to the amended complaint, Producers' shareholders were misled in various material respects *prior to their approval of a merger*") (emphasis added). Falk does not claim that he or any other Legacy Evolv shareholder had the opportunity to approve the SPAC merger, and he does

not otherwise identify any way in which he made any other investment decision that might have been affected by the alleged false statements and omissions by the Company.[3]

Falk is also unable to distinguish Oklahoma Police's authority holding that investors who passively receive stock via SPAC mergers are unable to serve as a lead plaintiff in a securities class action.  Falk fails to address *Butala v. Owlet*, No. 2:21-cv-09016-FLA (JEMx) (C.D. Cal Sep. 8, 2023) (OPPRS Opp. 3), which rejects a lead plaintiff applicant who, like Falk, received his shares via a similar merger with a privately held target.  Similarly, in response to *Gelles v. TDA Indus., Inc.*, No. 90-cv-5133, 1993 WL 275216 (S.D.N.Y. 1993) (OPPRS Opp. 9), which holds that a transfer of shares into a shell corporation does not constitute a purchase or sale, Falk asserts that the merger of NewHold and Legacy Evolv resulted in a substantial "change in the investment represented by the stock" following the merger (Falk Reply 8)—but identifies no support in the record for this claim or how this substantial change constitutes an investment decision[4] (OPPRS Opp. 9).

Because Falk has not shown that he made any "investment decision" in receiving his shares pursuant to the merger, he fails to satisfy a central requirement for a fraud claim under the federal securities laws, which seeks to ensure that investors make decisions based on accurate information provided to the market. Whether this infirmity is framed as a failure to demonstrate that he falls within the Class definition or as a characteristic that makes Falk atypical of other investors in the

---

[3] Falk's citation to *Versyss Inc. v. Coopers & Lybrand*, 982 F.2d 653, 654 (1st Cir. 1992), which involved a merger subject to the approval of shareholders alleged to have been deceived, is inapposite for the same reason.

[4] The Court can reject Falk's suggestion that Oklahoma Police's argument seeks to "jettison" Class members because (i) it is the Complaint that defined the Class definition; and (ii) the securities laws require that an investment decision be based on the presumption of reliance on the integrity of the market.  Indeed, simply because a majority of the initial shareholders of post-merger Evolv may have also been (like Falk) shareholders in Legacy Evolv, it does not mean that those shareholders are members of the putative Class in this action.

Class, the Court should not saddle the Class with a Lead Plaintiff who cannot be shown to have made an investment decision in reliance on the integrity of the market consistent with the Complaint.[5]

## II. FALK'S REPLY FAILS TO SHOW THAT HE MEETS THE ADEQUACY AND TYPICALITY REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Even if the Court were to be persuaded that Falk falls within the Class definition, he is still unable to rebut the fact that he is atypical of other investors in the Class because of his prior employment with Legacy Evolv and his class period public statements that were informed by his non-public knowledge of the Company's technology and products.

In a LinkedIn post made *after* the partial disclosure of defects in Evolv Express that caused it to be unable to detect small weapons, Falk defended the Company by posting, "[w]hy bother finding small items that won't cause mass casualties."  OPPRS Opp. 16.  Furthermore, Falk's spirited defense of the Company in his post relies on information that he gained through his employment with the Company, including his understanding that "[i]f you tweak detection too high, the cost is a huge % of FA's [*i.e.,* false alarms] and discomfort to visitors."  *Id.*

The Falk Reply attempts to minimize the import of his LinkedIn post by focusing only on the portion of that post addressing "100% security" as a "non-controversial publicly known fact." Falk Reply 6.  This ignores the remainder of Falk's defense of the Company that he posted online and does not undermine Oklahoma Police's position that these statements demonstrate that Falk cannot make the requisite showing of Rule 23 typicality and adequacy to support his appointment as Lead Plaintiff.

---

[5] Compl. ¶ 107.

**III.    CONCLUSION**

Since Oklahoma Police is the movant with the largest losses that is also able to meet the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, it should be appointed as Lead Plaintiff and its selection of Berman Tabacco as Lead Counsel for the Class should be approved.

DATED: June 27, 2024                                          **BERMAN TABACCO**

*/s/ Patrick T. Egan*
Patrick T. Egan (BBO #637477)

Steven J. Buttacavoli (BBO #651440)
Jay Eng (BBO #569562)
Christina L. Gregg (BBO #709220)
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
Email:  sbuttacavoli@bermantabacco.com
        pegan@bermantabacco.com
        jeng@bermantabacco.com
        cgregg@bermantabacco.com

Michael Dark (*Pro Hac Vice*)
**BERMAN TABACCO**
425 California St., Ste 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Email: mdark@bermantabacco.com

*Counsel for Movant Oklahoma Police Pension and Retirement System and Proposed Lead Counsel for the Proposed Class*

6

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered participants on the Notice of Electronic Filing (NEF).

*/s/ Patrick T. Egan*
Patrick T. Egan
