UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GERALD RABY, on behalf of himself and all others similarly situated,<br><br>              Plaintiff,<br><br>      v.<br><br>EVOLV TECHNOLOGIES HOLDINGS, INC. F/K/A NEWHOLD INVESTMENT CORP., PETER GEORGE, MARIO RAMOS, MARK DONOHUE, KEVIN CHARLTON, and ADAM DEUTSCH,<br><br>              Defendants. | Case No. 1:24-cv-10761 (ADB) |

**MEMORANDUM AND ORDER ON MOTIONS TO
APPOINT LEAD PLAINTIFF AND COUNSEL**

BURROUGHS, D.J.

      This is a federal securities class action lawsuit concerning alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j, 78t, and Rule 10b-5, 17 C.F.R § 240.10b-5, by Defendant Evolv Technologies Holdings, Inc. f/k/a NewHold Investment Corp. ("Evolv") and certain of its current and former executives. [ECF No. 1 ("Compl.")]. Plaintiffs claim that Evolv made false and/or misleading statements and/or failed to disclose material facts concerning the efficacy of Evolv's security screening technologies. [Compl. ¶¶ 109–18]. Currently before the Court are two motions to appoint a lead plaintiff and to approve the movants' respective selections of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B). [ECF Nos.

1

14, 17].[1]  For the reasons stated herein, Robert Falk's ("Falk") motion for his appointment as lead plaintiff, [ECF No. 17], and for approval of his selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel and Andrews DeValerio LLP as Liaison Counsel, [ECF No. 17], is GRANTED, and the competing motion filed by Oklahoma Police Pension and Retirement System ("OPPRS"), [ECF No. 14], is DENIED.

Under the PSLRA, the Court must "appoint as lead plaintiff the member . . . of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).  This person is known as the "most adequate plaintiff." Id.  A rebuttable presumption exists that the "most adequate plaintiff" is the movant who "has the largest financial interest in the relief sought by the class," while also satisfying the requirements of Federal Rule of Civil Procedure 23.  Id. § 78u-4(a)(3)(B)(iii)(I). This presumption is only rebuttable with "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is subject to unique defenses. Id. § 78u-4(a)(3)(B)(iii)(II).  The statute's language suggests that "the threshold determination of whether the movant with the largest financial losses satisfies the typicality and adequacy requirements should be a product of the court's independent judgment, and that arguments by members of the purported plaintiff class as to why it does not should be considered only in the context of assessing whether the presumption has been rebutted." State Univs. Ret. Sys. of Ill. v. Sonus Networks, Inc., No. 06-cv-10040, 2006 WL 3827441, at *2 (D. Mass. Dec. 27, 2006) (quoting In re Cendant Corp. Litig., 264 F.3d 201, 263–64 (3d Cir. 2001)).

To determine the largest financial interest, courts may consider several factors, including "(1) the number of shares purchased during the class period; (2) the number of net shares

---

[1] The Court held a hearing on these motions to appoint on July 25, 2024.  [ECF No. 45].

purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." Ark. Tchr. Ret. Sys. v. Insulet Corp., 177 F. Supp. 3d 618, 622 (D. Mass. 2016) (quoting In re Olsten Corp. Sec. Litig., 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)). Most courts understandably and appropriately appoint the potential lead plaintiff that has suffered the largest total loss. Cf. Takara Tr. v. Molex Inc., 229 F.R.D. 577, 579 (N.D. Ill. 2005) (citing In re Bally Total Fitness Sec. Litig., No. 04-cv-4697, 2005 WL 627960, at *4 (N.D. Ill. Mar. 15, 2005)).

Here, Falk claims to have suffered a loss of $675,707.12, [ECF No. 18 at 6], which is larger than that of OPPRS, which claims to have suffered a $224,389 loss. [ECF No. 15 at 6]. As such, Falk has established the presumption. The Court finds Falk's acquisition and continued ownership of Evolv shares through the class period adequately documented and further finds that he has a larger financial interest in this litigation than OPPRS.

Falk also meets the typicality and adequacy requirements of Federal Rule of Civil Procedure 23. See Fed. R. Civ. P. 23(a)(3)–(4). At this stage, he "need only make a prima facie showing of typicality and adequacy," Ark. Tchr. Ret. Sys., 177 F. Supp. 3d at 622, and the Court's findings on these requirements need only be "preliminary," City of Bristol Pension Fund v. Vertex Pharms., No. 12-cv-11654, 2012 WL 6681907, at *4 (D. Mass. Dec. 21, 2012) (quoting In re Tronox, Inc. Sec. Litig., 262 F.R.D. 338, 343–44 (S.D.N.Y. 2009)); see also Emerson v. Genocea Biosciences, Inc., No. 17-cv-12137, 2018 WL 839382, at *3 n.2 (D. Mass. Feb. 12, 2018) (party seeking appointment as most adequate plaintiff bears a "relatively low burden of proof"). The "burden in proving typicality requires that the named [plaintiff's] claims arise from the 'same events or course of conduct' and involve the same legal theory as do the claims of the rest of the class." In re Lernout & Hauspie Sec. Litig., 138 F. Supp. 2d 39, 46 (D. Mass. 2001)

3

(quoting In re Bank of Bos. Corp. Sec. Litig., 762 F. Supp. 1525, 1532 (D. Mass. 1991)).  Falk's claims are typical because, like the other putative class members, he owned Evolv shares when the company allegedly made misleading statements of material facts or omitted facts that made its assertions misleading, and he claims to have suffered damages as a result of the decline in the value of his securities when Evolv's purported misrepresentations and omissions were revealed. [ECF No. 18 at 7].

"To meet the adequacy requirement, plaintiffs must demonstrate that they have common interests and an absence of conflict with the class members and that the plaintiffs' attorneys are qualified, experienced and vigorously able to conduct the litigation." In re Lernout, 138 F. Supp. 2d at 46 (citing Adair v. Sorenson, 134 F.R.D. 13, 18 (D. Mass. 1991)).  Falk has selected GPM as Lead Counsel and Andrews DeValerio LLP as Liaison Counsel.  [ECF No. 17 at 1].  GPM has solid experience in litigating complex class actions, [ECF No. 18 at 7–8], and no party has disputed the adequacy of his proposed Lead Counsel or Liaison Counsel.  Moreover, Falk is an adequate lead plaintiff given his attestations that he is willing to serve as a class representative and be deposed and testify at trial, if necessary.  [ECF No. 19 at 9].  He further attests that he "did not purchase the Evolv Technologies Holdings, Inc. securities . . . at the direction of plaintiffs' counsel or in order to participate in any private action arising under this title."  Id. Falk therefore satisfies the requirements of Federal Rule of Civil Procedure 23(a) at this stage.

Because Falk holds the largest financial interest and satisfies the requirements of Rule 23, he "must be appointed lead plaintiff," unless the presumption of his adequacy is rebutted.  State Univs. Ret. Sys. of Ill., 2006 WL 3827441, at *2–3.  "At this point in the analysis, 'the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the

presumptive lead plaintiff will not do a fair[] and adequate[] job.'" Id. at *3 (alterations in original) (quoting In re Cendant Corp., 264 F.3d at 268).

Here, OPPRS argues that Falk cannot be the "most adequate plaintiff" because he is not a member of the class, which is defined in the Complaint as consisting of "persons or entities who purchased or otherwise acquired publicly traded Evolv securities between June 28, 2021 and March 13, 2024." [Compl. ¶ 1]; see also [Compl. ¶ 100 ("a class consisting of all persons other than defendants who acquired Evolv securities publicly traded on the NASDAQ during the Class Period, and who were damaged thereby")]. OPPRS asserts that because Falk acquired his shares as the result of a merger on July 16, 2021, which was three days before Evolv stock began publicly trading under the symbol "EVLV" on the NASDAQ, he is excluded from the class definition, having not acquired publicly traded Evolv securities on July 16, 2021. [ECF No. 24 at 5–7]. The Court finds OPPRS's argument that Falk is not a member of the class as defined in the Complaint to be unpersuasive. The shares Mr. Falk received on July 16, 2021 became publicly traded EVLV stocks three days later, leading him to "otherwise acquire" publicly traded Evolv securities within the class period, which specifically contemplates people who acquired securities between June 28, 2021 (the start date of the class) and July 19, 2021 (the date EVLV started trading on the NASDAQ). [Compl. ¶ 100].

OPPRS also asserts that Falk is not the most adequate plaintiff because he acquired his stock pursuant to the terms of a merger agreement, rather than an open market purchase, opening him up to unique and individualized defenses. [ECF No. 24 at 7-13].[2] Specifically, OPPRS

---

[2] The Court recognizes the possibility that Falk will not have standing to bring all available claims and that this may have to be dealt with later in the proceedings. Nonetheless, the PSLRA requires that the lead plaintiff be the party with the largest financial stake in the outcome of the case who otherwise meets the requirements of Rule 23, absent the satisfaction of a burden of proof not met here. See Wang Yan v. ReWalk Robotics Ltd., 330 F. Supp. 3d 555, 573 (D. Mass. 2018), aff'd sub nom. Yan v. ReWalk Robotics Ltd., 973 F.3d 22 (1st Cir. 2020)

argues that acquiring his Evolv stock in this manner subjects him to defenses regarding whether his acquisition of Evolv stock constitutes a "purchase or sale" under the Exchange Act [ECF No. 24 at 7–9], as well as questions concerning his reliance on the market, [ECF No. 24 at 10–13]. Regardless of whether these arguments have merit, none of them would render Falk atypical from the class as presently defined, the majority of whom acquired their shares in Evolv by virtue of the same merger agreement on July 16, 2021. [ECF No. 24 at 6; ECF No. 25 at Ex. 9].[3] Accordingly, OPPRS has not met its burden to rebut the presumption that Falk is the "most adequate plaintiff."

## I. CONCLUSION

Falk's motion to be appointed lead plaintiff and for approval of his selection of counsel, [ECF No. 17], is <u>GRANTED</u>.  Falk is appointed Lead Plaintiff, and the Court approves his selection of GPM as Lead Counsel and Andrews DeValerio LLP as Liaison Counsel.  The competing motion, [ECF No. 14], is <u>DENIED</u>.

The parties shall meet and confer and submit a proposed schedule for an amended complaint and Evolv's response thereto within <u>14 days</u> of this Order.

**SO ORDERED.**

September 20, 2024                                       /s/ Allison D. Burroughs
                                                                    ALLISON D. BURROUGHS
                                                                    U.S. DISTRICT JUDGE

---

("[b]ecause the PSLRA mandates that courts must choose a party who has, among other things, the largest financial stake in the outcome of the case, it is inevitable that, in some cases, the lead plaintiff will not have standing to sue on every claim").

[3] OPPRS also asserts that Falk could be subjected to unique and individualized defenses regarding reliance because he once worked for the company and thus may have possessed inside knowledge about the products at issue in this action. [ECF No. 24 at 15–17]. Falk has submitted a declaration disputing this, [ECF No. 31 at Ex. 1], and the allegations at this time do not constitute "proof" that would otherwise rebut his presumption of adequacy.