# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GERALD RABY, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EVOLV TECHNOLOGIES HOLDINGS, INC. F/K/A NEWHOLD INVESTMENT CORP., PETER GEORGE, MARIO RAMOS, MARK DONOHUE, KEVIN CHARLTON, and ADAM DEUTSCH,<br><br>Defendants. | Civil Action No. 1:24-cv-10761-ADB |

**MEMORANDUM IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR CONSOLIDATION OF RELATED ACTION AND TO VACATE LEAD-PLAINTIFF DEADLINE**

Lead Plaintiff Robert Falk ("Lead Plaintiff" or "Falk") in this action (the "*Raby* Action") respectfully submits this memorandum in support of his motion to consolidate the related action *Buchan v. Evolv Technologies Holdings, Inc. et al*, No. 1:24-cv-12768 (D. Mass.) (the "*Buchan* Action") before this Court and to vacate or strike the December 31, 2024 lead plaintiff deadline noticed in the *Buchan* Action.

I.  **INTRODUCTION**

Falk is the Court-appointed lead plaintiff in a class action alleging that Evolv Technologies Holdings, Inc. ("Evolv" or the "Company") and certain current and former executives violated the Securities and Exchange Act of 1934 (the "Exchange Act") by issuing materially false and misleading statements regarding the effectiveness of its flagship product, Evolv Express. The initial complaint in that action alleges that Evolv is under investigation by the Federal Trade Commission ("FTC") for its marketing practices and by the Securities and Exchange Commission ("SEC") for its public statements.

After Falk was appointed as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), Evolv announced that its financial statements would be restated because it had improperly recognized revenue where sales were "subject to extra-contractual terms and conditions." This recent announcement precipitated the filing of the *Buchan* Action against Evolv and its current and former executives, but it is related to the deceptive marketing practices at-issue in the *Raby* Action. The restatement of revenue is a continued revelation of the fraud: following the FTC and SEC scrutiny of Evolv's public statements regarding marketing of its products, the Company is correcting the revenue recognized from those sales. As a result, Falk intends to bring these additional facts in his amended complaint to be filed on November 20, 2024, which would subsume the allegations in the *Buchan* Action.

Underscoring that the two actions are substantially similar and brought on behalf of the same shareholders, the plaintiff, Douglas Buchan ("Buchan"), who commenced the *Buchan* Action had actually filed an unsuccessful motion seeking appointment as lead plaintiff of the *Raby* Action. But because Buchan did not have the largest financial interest, he was not appointed lead plaintiff and Falk was. Buchan commenced his action after he lost appointment in the *Raby* Action, but neglected to mark the cases as related despite the readily apparent overlap in the actions, including that they represent the same securities for overlapping time periods against nearly the same defendants under the same claims.

To ensure efficient judicial and party resources, the two cases should be consolidated, and the December 31, 2024 deadline to seek lead plaintiff appointment in the *Buchan* Action should be vacated.

## II.   STATEMENT OF FACTS

### A.   The *Raby* Action

Evolv is a security company focused on Artificial Intelligence based weapons detection for security screening. ECF 1 at ¶ 7. Its revenue is primarily derived from its flagship product, the Evolv Express, a screening tool to "reliably detect guns, improvised explosives, and large knives while ignoring harmless items like phones and keys." *Id.* at ¶¶ 22, 46, 59. It became a public entity via business combination with NewHold Investment Corp. ("NewHold") in July 2021. *Id.* at ¶ 10.

The *Raby* Action's initial complaint alleges that, during the class period of June 28, 2021 through March 13, 2024, Defendants issued materially false and misleading statements regarding the efficacy of its products, the lack of effectiveness of Evolv's products in detecting knives and guns, and the Company's business, operations and prospects. *Id.* at ¶ 63.

A series of disclosures by third parties and news agencies reported that Evolv "hid test results showing failures at weapons screening." *Id.* at ¶¶ 64-81. Following several attacks at

schools where Evolv's weapons scanners had not detected knives, the Company announced that it was under investigation by the U.S. Federal Trade Commission "about certain aspects of its marketing practices." *Id.* at ¶¶ 82-91. In February 2024, the SEC launched an investigation into Evolv, and the next month, the Company revised its claims about its technology's effectiveness. *Id.* at ¶¶ 95, 97.

**B.     The *Buchan* Action**

The *Buchan* Action alleges that, during the period of August 19, 2022 and October 30, 2024, Defendants issued materially false and misleading statements about revenue recognition and other reported metrics that are a function of revenue because Evolv had "engaged in misconduct concerning sales to one of the Company's largest channel partners." *Buchan* Action, ECF 1 at ¶ 43.

On October 25, 2024, Evolv revealed that "certain sales, including sales to one of its largest channel partners, were subject to extra-contractual terms and conditions" and "certain Company personnel engaged in misconduct in connection with those transactions." As a result, Evolv's financial statements since second quarter 2022 should no longer be relied upon, and the Company also disclosed that it "expects to report one or more additional material weaknesses in internal control over financial reporting." On this news, Evolv's stock price dropped 39.8%. Subsequently, on October 31, 2024, Evolv announced the termination of the Company's CEO, Defendant George. On this news, Evolv's stock price dropped 8.1%.

**C.     Procedural Background**

The initial complaint in this Action was filed on March 25, 2024. ECF 1. On May 24, 2024, Douglas Buchan applied for appointment as lead plaintiff in this Action, stating that he suffered losses of $63,689.41. ECF 9 at 4. On the same date, Falk also applied for appointment as lead plaintiff, stating that he suffered losses of $675,707.12. ECF 18 at 6. On June 7, 2024, Buchan

4

filed a notice of non-opposition to the competing motions, stating he "does not have the largest financial interest in this litigation." ECF 22 at 2. On September 20, 2024, the Court granted Falk's motion to be appointed lead plaintiff and for approval of his selection of counsel. ECF 48.

Counsel for Lead Plaintiff and Counsel for Defendants met and conferred and submitted a joint stipulation and proposed order to set a schedule for an amended complaint and motion to dismiss briefing. ECF 59. On October 1, 2024, the Court approved the stipulation, thereby setting November 20, 2024 as the deadline to file an amended complaint. ECF 60.

On November 1, 2024, Buchan filed the *Buchan* Action. *Buchan* ECF 1. He did not mark it as related to the *Raby* Action on the civil cover sheet. That case was assigned to Judge Richard G. Stearns. *Buchan* ECF 2.

### III.    THE *BUCHAN* ACTION SHOULD BE CONSOLIDATED WITH THE *RABY* ACTION

#### A.    Consolidation is Appropriate Under Fed. R. Civ. P. 42(a)

Because the actions involve common questions of law and fact and have overlapping parties, the related *Buchan* and *Raby* Actions should be consolidated for all purposes. Rule 42(a) of the Federal Rules of Civil Procedure empowers a trial judge to consolidate actions for trial when there are "common questions of law or fact" in order "to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a)(2) ("If actions before the court involve a common question of law or fact, the court may … consolidate the actions."); *see also* Local Rule 40.1(g)(1) (actions are "related" if they "involve the same or similar claims or defenses" "or the cases involve substantially the same questions of fact and law"). "If the cases include common parties, common questions of law and fact, and efficiency benefits, courts generally permit consolidation unless the opposing party shows demonstrable prejudice." *Piercy v. AT&T Inc.*, --- F. Supp. 3d ---, 2024 WL 4728944, at *1 (D. Mass. Nov. 8, 2024).

The *Raby* and *Buchan* Actions involve violations of the Exchange Act, are based on the sales and marketing of Evolv's products and share overlapping plaintiff classes and defendants. *Carr v. Analogic Corp.,* 2018 WL 4932858, at *1 (D. Mass. Oct. 10, 2018) (consolidating actions brought under the Exchange Act in connection with a merger). Both actions allege violations of Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 against Defendants Evolv, the Company's former Chief Executive Officer ("CEO") Peter George, and the Company's Chief Financial Officer ("CFO") Mark Donohue.[1] *Compare* ECF 1 at ¶¶ 1, 8, 11-15, *with Buchan* Action, ECF 1 at ¶¶ 1, 13-15. Both actions share significant overlap in the theory of liability because both allege that Defendants issued false and misleading statements related to sales and marketing, including of the Evolv Express technology, and financial results. *Compare* ECF 1 at ¶ 63, *with Buchan* Action, ECF 1 at ¶ 43. Both actions share key misleading statements and allege Defendants misled investors about the accuracy of the Company's financial reporting, the disclosures related to the Company's internal control over financial reporting, and the Company's disclosure of any and all fraud. *Compare* ECF 1 at ¶¶ 32, 41, 54, *with Buchan* Action, ECF 1 at ¶¶ 27, 35, 46. The Actions also share a significant year and a half overlap in class period, and the *Buchan* Action's class period will be subsumed within Lead Plaintiff's forthcoming amended complaint. *Compare* ECF 1 at ¶ 1 with *Buchan* ECF 1 at ¶ 1.

Thus, the *Buchan* and the *Raby* Actions involve "common questions of law or fact." The additional allegations raised in the *Buchan* Action merely expand upon the same core theory presented in the *Raby* Action regarding Evolv's marketing of its products, specifically the Evolv Express. The deceptive marketing practices and their financial impact are common issues because

---

[1] The *Raby* Action also names three individual defendants, former CFO Mario Ramos, NewHold's CEO Kevin Charlton, and NewHold's CFO Adam Deutsch. Despite these additions, there are many commonalities of law and fact to support consolidation.

the restatement (alleged in the *Buchan* Action) relates to the marketing practices that are under investigation by the FTC and the public statements investigated by the SEC (as alleged in the *Raby* Action). *See In re Take-Two Interactive Sec. Litig.*, 551 F. Supp. 2d 247, 257, 288 (S.D.N.Y. 2008) (announcement of SEC investigation into options backdating was corrective disclosure where company later admitted that insider had manipulated options grants); *see also Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 476-77 (S.D.N.Y. 2016) (announcement of investigations partially reveal that prior statements were not entirely true) (collecting cases). In sum, consolidation is proper.

### B. Buchan Seeks To Circumvent This Court's Order Appointing Falk As Lead Plaintiff

Allowing the *Buchan* Action to proceed without consolidation would contravene the PSLRA, which empowers Falk as lead plaintiff to prosecute related claims. The PSLRA establishes a procedure for appointing as lead plaintiff the "most adequate plaintiff." *See generally* 15 U.S.C. §78u-4(a)(3)(B); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 2013 WL 4399215, at *3 (S.D.N.Y. Aug. 13, 2013) ("[A] lead plaintiff has the sole authority to determine what claims to pursue on behalf of the class."). It also permits consolidation of substantially similar cases. 15 U.S.C. § 78u-4(a)(3)(B)(ii).

After losing lead plaintiff appointment in the *Raby* Action, Buchan is improperly trying to get a second bite at the apply by pretending the two Actions are distinct before the Court-appointed lead plaintiff filed his amended complaint. Falk suffered **over ten times** the losses Buchan suffered. *Compare* ECF 9 at 4 (Buchan claiming $63,689.41 loss), *with* ECF 18 at 6 (Falk suffered $675,707.12 loss). Unable to compete with Falk, Buchan now attempts to start a new action, which he did not mark as related to the *Raby* Action despite the overlapping class periods, defendants, and facts. Buchan was clearly aware of the *Raby* Action because his certification lists that he

moved for lead plaintiff in this case. *See* Buchan, ECF 1-1. It is unclear which of his certifications is accurate; the *Buchan* Action certification includes transactions between August 2023 and January 2024 that were not included in his *Raby* Action certification. But even assuming that the recent certification is correct and complete, Buchan appears to have suffered losses of approximately $110,048.32, which is still dwarfed by Falk's losses. Buchan knew the Lead Plaintiff in this Action would be filing an amended complaint in a matter of weeks, yet did not wait to confirm the new facts would be pursued in the existing case. Buchan's gamesmanship should not be rewarded, and the actions should be consolidated.

## IV.     THE LEAD PLAINTIFF DEADLINE SHOULD BE VACATED OR STRICKEN

The Court should vacate or strike the December 31, 2024 lead plaintiff deadline in the *Buchan* Action because those claims are already being pursued by the Court-appointed lead plaintiff Falk. Where multiple class actions are filed "asserting substantially the same claim," the PSLRA requires only the first-filed action to publish notice. 15 U.S.C. §78u-4(a)(3)(A)(ii). As discussed above, the *Buchan* Action arises out of the same facts and claims as the *Raby* Action, and adequate notice was given before the Court appointed Falk as lead plaintiff. The fact that Buchan had already sought (and lost) lead appointment in the *Raby* Action demonstrates that potential lead plaintiffs had adequate notice of the claims in both actions. *Kipling v. Flex Ltd.*, 2019 WL 1472358, at *1 (N.D. Cal. Apr. 3, 2019) (republication required only where "substantial alteration of the claims" render "likely that individuals who could now be considered potential lead plaintiffs would have disregarded the earlier notice").

Moreover, the additional six months of the class period in the *Buchan* Action does not require notice to putative class members because the new facts and disclosures therein relate to the same core theory as in *Raby* Action, and the cases involve overlapping defendants and the same securities. *Turner v. ShengdaTech, Inc.*, 2011 WL 6110438, at *3 (S.D.N.Y. Dec. 6, 2011)

(denying republication of notice even where new actions expanded the class period by two years); *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, at *4-5 (N.D. Ill. Aug. 11, 1997) (expansion of class period by 16 months does not extend the 60-day notice period where the "complaints were based on substantially the same claims"). The new facts about the Company's revenue recognition relate to the regulatory investigations about Evolv's marketing practices and its public statements alleged in the *Raby* Action, so potential lead plaintiffs would have acted upon the earlier notice. *Thomas v. Magnachip Semiconductor Corp.*, 2015 WL 3749784, at *4 (N.D. Cal. Jun. 15, 2015) (declining to reopen lead plaintiff process where the amended complaint "still center[ed] on the same factual scenario" and new claims and defendants "relate[d] to the same misrepresentations" as those in the initial complaint).[2]

The December 31, 2024 lead-plaintiff deadline should therefore be vacated. New information does not warrant restarting the lead plaintiff process just because a plaintiff artfully pleads the facts to evade existing complaints and lead plaintiff orders. Permitting Buchan to restart lead plaintiff is inefficient and wastes judicial resources.

Despite his awareness of the *Raby* Action, Buchan filed a new case, did not inform this Court, did not notify either court of the related nature of the cases pursuant to local rules, and issued a press release informing investors of a purported right to seek appointment as lead plaintiff by December 31, 2024. This notice has created confusion, which should be corrected by vacating the deadline. *See In re Signet Jewelers Ltd. Sec. Litig.*, No. 1:16-cv-06728, ECF 100 (S.D.N.Y.

---

[2] *See also Horowitz v. SunEdison, Inc.*, 2016 WL 1161600, at *2 (E.D. Mo. Mar. 24, 2016) ("PSLRA does not require republication of notice" where the complaints assert "substantially the same claim or claims"); *In re Thornburg Mortg., Inc., Sec. Litig.*, 629 F. Supp. 2d 1233, 1241-42 (D.N.M. 2009) (republication not required where "[t]he new claims are closely related to the initial claims expressly covered in the notice, and requiring further notice for the amendments here would serve only to delay the progress of this case").

Jan. 7, 2018).³ In the event relief is not granted before the December 31, 2024 lead plaintiff deadline passes, the Court should strike the deadline and all applications for lead plaintiff in the *Buchan* Action.

## V. CONCLUSION

For all the foregoing reasons, Lead Plaintiff respectfully requests that the Court grant his motion to consolidate the *Buchan* Action and vacate or strike the December 31, 2024 lead plaintiff deadline noticed in the *Buchan* Action.

Respectfully submitted,

Dated: November 13, 2024

/s/ *Daryl Andrews*
**ANDREWS DEVALERIO LLP**
Glen DeValerio (BBO #122010)
Daryl Andrews (BBO #658523)
P.O. Box 67101
Chestnut Hill, MA 02467
Telephone: (617) 999-6473
Email: glen@andrewsdevalerio.com
      daryl@andrewsdevalerio.com

*Liaison Counsel for Lead Plaintiff Robert Falk and Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Casey E. Sadler (admitted *pro hac vice*)
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Robert Falk and Lead Counsel for the Class*

---

³ This is a text only order, stating in relevant part: "As all parties agree that Aydin v. Signet Jewelers Ltd. et al., 17-CV-9853, should be consolidated with this action, it is hereby consolidated for all purposes. The PSLRA notice issued by counsel for the Aydin Plaintiffs is hereby vacated."

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 13th day of November 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

                                    /s/ *Daryl Andrews*
                                    Daryl Andrews

.