**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| GERALD RABY, Individually and on Behalf of All Others Similarly Situated, <br><br><br> Plaintiff, <br><br> v. <br><br> EVOLV TECHNOLOGIES HOLDINGS, INC. F/K/A NEWHOLD INVESTMENT CORP., *et al.*, <br><br><br> Defendants. | Case No. 1:24-cv-10761-ADB |

**DOUGLAS BUCHAN'S MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF OPPOSING THE MOTION TO CONSOLIDATE AND VACATE LEAD PLAINTIFF DEADLINE, AND TO STRIKE PORTIONS OF THE AMENDED COMPLAINT**

**PLEASE TAKE NOTICE** that Douglas Buchan respectfully moves this Court for an order to allow him to intervene in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure for the limited purpose of: (i) opposing the motion of Robert Falk to consolidate *Buchan v. Evolv Technologies Holdings, Inc.*, No. 1:24-cv-12768-RGS (D. Mass.) ("*Buchan*") with *Raby v. Evolv Technologies Holdings, Inc.*, No. 1:24-cv-10761-ADB (D. Mass.) ("*Raby*") and vacate the Lead Plaintiff deadline in *Buchan*; and (ii) moving to strike the allegations in the amended complaint in *Raby* (ECF No. 64) that have been drawn from *Buchan*, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

This motion is made on the grounds that Mr. Buchan can intervene as of right because permitting consolidation of *Buchan* and *Raby* will "impair or impede" his "ability to protect [his] interest" in his claims against Evolv, which arise from Mr. Buchan's ownership of Evolv stock— securities that form the "subject of the action" and because the "existing parties" will not "adequately represent that interest."  Fed. R. Civ. P. 24(a)(2).  Mr. Buchan is also entitled to permissive intervention because he "has a claim or defense that shares with the main action" (Fed. R. Civ. P. 24(b)(1)(B)), as Mr. Falk is admittedly attempting to "subsume" Mr. Buchan's claims, over which he has no authority and no standing to pursue.  ECF No. 62 at 2.  As such, intervention is warranted to allow Mr. Buchan an opportunity to oppose Mr. Falk's motion.

This motion is also made on the grounds that the amended complaint in *Raby* contains "immaterial" and "impertinent" matter because it seeks to subsume *Buchan*, a distinct case that is beyond the scope of the claims that this Court appointed Mr. Falk to pursue, which the Court "may strike" under Rule 12(f) of the Federal Rules of Civil Procedure.  Fed R. Civ. P. 12(f).

This motion is based on this notice, the accompanying Memorandum of Law in support thereof, the Declaration of Theodore M. Hess-Mahan and exhibits filed herewith, the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

Pursuant to Local Rule 7.1(a)(2), counsel for Mr. Buchan hereby certifies as follows. On or around November 21, 2024, counsel for Mr. Buchan called counsel for Mr. Falk to attempt to resolve Mr. Falk's motion to consolidate. On or around November 22, counsel for Messrs. Buchan and Falk met and conferred but were unsuccessful in resolving the issues. Mr. Buchan's position is that Mr. Falk cannot represent the claims in *Buchan* because he does not have standing for those claims and the cases should not be consolidated. To the extent the two cases are consolidated, however, the putative Class asserted in *Buchan* requires leadership that stands on equal footing with the proposed Class alleged in *Raby*. This is to ensure that the accounting-related claims asserted in *Buchan* will be overseen by a putative Class representative with standing and a substantial financial interest in those claims, as described in the accompanying brief. Counsel for Mr. Falk rejected the proposition and suggested that Mr. Buchan work under Mr. Falk's direction, which counsel for Mr. Buchan believes is an insufficient safeguard for the Class in *Buchan*.

On November 25, 2024, counsel for Mr. Buchan emailed counsel for Mr. Falk and counsel for Defendants to alert them to Mr. Buchan's forthcoming motion to intervene for the limited purpose of opposing Mr. Falk's motion to consolidate, and to strike portions of the amended complaint in *Raby*. Counsel for Mr. Buchan requested to receive the parties' positions by 2 p.m. EST on November 26.

Counsel for Mr. Falk does not oppose Mr. Buchan's motion to intervene for the limited purpose of opposing the motion to consolidate. Counsel for Mr. Falk opposes Mr. Buchan's motion to intervene for the limited purpose of moving to strike portions of the amended complaint

-3-

in *Raby*, and opposes the motion to strike. Counsel for Defendants did not provide their position as of the time of this writing.

Dated: November 27, 2024

Respectfully submitted,

**HUTCHINGS BARSAMIAN MANDELCORN, LLP**

*/s/ Theodore M. Hess-Mahan*
Theodore M. Hess-Mahan (BBO #557109)
110 Cedar Street, Suite 250
Wellesley Hills, MA 02481
Telephone: (781) 431-2231
Facsimile: (781) 431-8726
thess-mahan@hutchingsbarsamian.com

*Local Counsel for Proposed Intervenor Douglas Buchan*

**BLEICHMAR FONTI & AULD LLP**
Javier Bleichmar (*pro hac vice* forthcoming)
300 Park Avenue, Suite 1301
New York, New York 10022
Telephone: (212) 789-1340
Facsimile: (212) 205-3960
jbleichmar@bfalaw.com

-and-

Ross Shikowitz (*pro hac vice* forthcoming)
75 Virginia Road
White Plains, New York 10603
Telephone: (914) 265-2991
Facsimile: (212) 205-3960
rshikowitz@bfalaw.com

-and-

Adam C. McCall (*pro hac vice* forthcoming)
1330 Broadway, Suite 630
Oakland, CA 94612
Telephone: (415) 445-4003
Facsimile: (212) 205-3960
amccall@bfalaw.com

-4-

*Counsel for Proposed Intervenor*
*Douglas Buchan*

## Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 27, 2024.

*/s/Theodore M. Hess-Mahan*
Theodore M. Hess-Mahan