# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| *In re Evolv Technologies Holdings Inc. Securities Litigation.* | Case No. 1:24-cv-10761-ADB<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** |

## I.   INTRODUCTION

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants Evolv Technologies Holdings, Inc. ("Evolv" or the "Company"), Peter George, Mark Donohue, Mario Ramos, Kevin Charlton, Thomas J. Sullivan, Charles Goldman, Charlie Baynes-Reid, Adam Deutsch, Marc Saiontz, Kathleen Harris, Brian Mathis, Neil Glat, and Sezaneh Taheria (collectively, "Defendants"), respectfully request that the Court incorporate by reference and/or take judicial notice of 22 documents (the "Noticed Exhibits") annexed to the Declaration of Nathaniel R. Mendell in support of Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (the "SAC") (the "Mendell Declaration").

## II.   DISCUSSION

"[W]hen ruling on Rule 12(b)(6) motions to dismiss," "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine . . . in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *see also Femino v. Sedgwick Claims Mgmt. Servs., Inc.*, 2021 WL 3190817, at *1 n.2 (D. Mass. July 28, 2021) (a court can consider "document[s] at the motion to dismiss stage even though [they are]

ny-2917039

not attached to the complaint [where] the complaint incorporates [them] by reference and the . . . alleged violations depend on it.") (citing *Newman v. Lehman Bros. Holdings Inc.*, 901 F.3d 19, 26 (1st Cir. 2018); *see also Hackel v. AVEO Pharms., Inc.*, 474 F. Supp. 3d 468, 471 (D. Mass. 2020) (Burroughs, J.) (courts "may consider 'documents the authenticity of which are not disputed by the parties; . . . documents central to plaintiffs' claim; [and] documents sufficiently referred to in the complaint.'").  Courts may judicially notice material "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b), (d).  And courts "must take judicial notice if a party requests it and the court is supplied with the necessary information."  *Id*. § 201(c).

As set forth below, the Court should consider the Noticed Exhibits in ruling on the motion to dismiss because they are incorporated by reference in the SAC or otherwise public documents the accuracy of which cannot be reasonably questioned.

### A.    DOCUMENTS INCORPORATED BY REFERENCE

The SAC directly cites and quotes from the following Noticed Exhibits even though Plaintiffs chose not to attach them:

| Exhibit | Document | References in SAC |
|---|---|---|
| B | NewHold Investment Corp.'s Amended S-4/A dated June 9, 2021 | ¶¶ 1, 5, 15, 50, 55–56, 111–12, 124, 126, 131, 157, 214 |
| C | Evolv Blog Post dated March 23, 2022 | ¶ 153 |
| D | Evolv Press Release dated March 31, 2022 | ¶ 120 |
| E | Evolv Form 8-K filed with the SEC on October 12, 2023 | ¶ 70 |
| G | Evolv Form 8-K filed with the SEC on November 21, 2024 | ¶¶ 12, 100–01 |
| H | Evolv Press Release dated November 26, 2024 | ¶ 109 |
| J | Evolv Form 8-K filed with the SEC on October 25, 2024 | ¶¶ 9, 95, 172, 187, 200 |
| K | Evolv Press Release dated November 21, 2024 | ¶¶ 99–100, 192 |

| L | Evolv Press Release dated October 31, 2024 | ¶¶ 189–90 |
|---|---|---|
| M | Transcript of Defendant Peter George's Fox Business interview dated July 23, 2021 | ¶¶ 58, 114 |
| O | BBC article dated May 23, 2023 | ¶¶ 6, 68, 168 |
| T | BBC article dated March 13, 2024 | ¶¶ 74, 171 |

Because these Noticed Exhibits are directly referenced and quoted in the SAC, the Court should consider them when deciding the motion to dismiss.  *See Tellabs,* 551 U.S. 308 at 322.

- **Exhibit B** is NewHold Investment Corp.'s Form S-4/A dated June 9, 2021, filed with the SEC using Registration Number 333-255017, and declared effective on June 25, 2021 ("Registration Statement").  The SAC contains numerous allegations about allegedly false or misleading statements in the Registration Statement.  (*See generally* SAC.)  Indeed, Plaintiffs' Section 11 and Section 15 claims are predicated entirely on statements made in the Registration Statement.  (SAC ¶¶ 212–24.)  As such, the Registration Statement is critical for assessing Plaintiffs' allegations.

- **Exhibit C** is an Evolv blog post dated March 23, 2022, announcing the release of an operational report from the National Center for Spectator Sports and Safety and Security's ("NCS4") operational exercise on its product Evolv Express ("Express").  Plaintiffs mischaracterize and cherry-pick from the blog post to challenge certain statements as false or misleading.  (SAC ¶¶ 118–19.)  The full blog post demonstrates how the isolated statements that Plaintiffs challenge are nonactionable, and accordingly, the Court should consider the blog post in its entirety.

- **Exhibit D** is an Evolv press release dated March 31, 2022, announcing the Department of Homeland Security's designation of Express as a Qualified Anti-Terrorism Technology under the Support Anti-Terrorism by Fostering Effective Technologies Act ("SAFETY Act").  Plaintiffs challenge the statements in this announcement as false or misleading, despite Evolv maintaining the SAFETY Act designation.  (SAC ¶¶ 120, 123.)  As such, to assess whether the challenged statements are actionable, the Court should consider the press release in its entirety.

- **Exhibit E** is an Evolv Form 8-K filed with the SEC on October 12, 2023, announcing that the Federal Trade Commission ("FTC") had requested information about certain aspects of the Company's marketing practices.  Plaintiffs cite this announcement in connection with causation and scienter allegations.  (*Id.* ¶¶ 70, 169, 194),  Accordingly, the Court should consider the announcement in its entirety.

- **Exhibit G** is an Evolv Form 8-K filed with the SEC on November 21, 2024, announcing results from the Company's internal investigation, the voluntary departure of CFO Mark Donohue, and a voluntary document request from the U.S. Attorney's Office for the Southern District of New York.  Plaintiffs rely on this announcement in connection with

3

scienter allegations regarding accounting personnel knowledge.  (SAC ¶¶ 99, 192–93.)  Accordingly, the Court should consider the filing, and the statements Plaintiffs selectively cite, in their full context.

- **Exhibit H** is an Evolv Press Release dated November 26, 2024 entitled "Evolv Announces Resolution of FTC Inquiry."  Plaintiffs erroneously cite to this press release to mischaracterize the results of the FTC investigation.  (*Id.* ¶¶ 102–09.)  Contrary to the SAC, the FTC never "concluded" that Defendants engaged in wrongdoing.  And in this press release, Evolv reiterated how it settled with the FTC without admitting to any of the allegations from the FTC's complaint.  As such, the Court should consider the press release alongside the FTC settlement in assessing Plaintiffs' allegations.

- **Exhibit J** is an Evolv Form 8-K Filed with the SEC on October 25, 2024, announcing the results from the Company's internal investigation, including that certain financial statements would need to be restated.  The SAC cites this announcement, in connection with allegations about the falsity of financial statements from prior financial periods as well as the Defendants' purported scienter.  (*Id.* ¶¶ 9, 95, 172, 187, 200.)  Accordingly, given the SAC's extensive reliance on this announcement, the Court should consider the document in its entirety.

- **Exhibit K** is an Evolv press release dated November 21, 2024, also announcing the results of the Company's internal investigation.  Along with the contemporaneous Form 8-K, Plaintiffs cite this announcement in connection with scienter allegations.  (SAC ¶¶ 99–100, 192.)  As such, together with the contemporaneous Form 8-K, the Court should consider these announcements in their full context.

- **Exhibit L** is an Evolv press release dated October 31, 2024 and titled "Evolv Technology Announces Leadership Change."  Plaintiffs cite the press release to make erroneous allegation about Peter George's termination.  (*Id.* ¶ 191.)  The Court should consider the press release in its entirety.

- **Exhibit M** is a full and certified transcription from Peter George's interview on news outlet Fox Business on July 23, 2021.  Plaintiffs selectively quote from a single answer in a seven-minute interview to allege that Peter George's statements were false or misleading.  (*Id.* ¶¶ 58, 114, 117.)  Because Plaintiffs' claims are based on the interview, Mr. George's statements must be considered in context, and accordingly, the Court should consider the entire transcript in deciding the motion to dismiss.

- **Exhibit P** is a BBC news article dated May 23, 2023 and titled "AI scanner used in hundreds of US schools misses knives."  Plaintiffs cite and rely on this article as a purported "corrective disclosure."  (*Id.* ¶¶ 68–69, 168.)  As set forth in Defendants' motion to dismiss, however, this article was not a corrective disclosure because it did not announce new information to the market.  The Court should review the full contents of this article on which Plaintiffs rely and cite.

- **Exhibit T** is a BBC news article dated March 13, 2024 and titled "AI weapons scanner Evolv backtracks on UK testing claims," which Plaintiffs cite as a purported "corrective

4

disclosure," even though it also reiterated information already known to the market. (*Id.* ¶¶ 74–75, 171.) The Court should review the full contents of this article on which Plaintiffs rely and cite.

Furthermore, notwithstanding that **Exhibits B, E, G, and J** should be considered because Plaintiffs rely extensively on them in their claims and allegations, the Court may take them into account for the separate reason that they are SEC filings, which courts routinely consider at the motion to dismiss stage. *See Corban v. Sarepta Therapeutics, Inc.*, No. 14-CV-10201-IT, 2015 WL 1505693, at *5 n.4 (D. Mass. Mar. 31, 2015), *aff'd*, 868 F.3d 31 (1st Cir. 2017) ("Some of these documents, such as Sarepta's public filings with the U.S. Securities and Exchange Commission, are clearly ones in which the court may take judicial notice."); *LSI Design & Integration Corp. v. Tesaro, Inc.*, No. 18-CV-12352-LTS, 2019 WL 5967994, at *1 n.2 (D. Mass. Nov. 13, 2019) ("SEC filings . . . referenced in the Amended Complaint are the sorts of documents courts routinely consider at the motion to dismiss stage."); *Caviness v. Evans*, 229 F.R.D. 354, 360 n.45 (D. Mass. 2005) ("This court may consider public filings with the SEC when deciding a motion to dismiss.").

### B.    REMAINING DOCUMENTS SUBJECT TO JUDICIAL NOTICE

The Court should also take notice of the following Noticed Exhibits—SEC filings, government publications, and news articles—as their accuracy cannot be reasonably questioned:

| Exhibit | Document | Reason for Judicial Notice |
|---------|----------|----------------------------|
| A | Evolv Form 10-Q Q1 2024 filed with the SEC on May 9, 2024 | ¶ 153 |
| F | Evolv Form 8-K filed with the SEC on February 20, 2024 | SEC Filing |
| I | FTC press release dated November 26, 2024 | Public Press Release on FTC's Website |
| N | Fact Sheet on DHS website dated January 2020 | Public Document on DHS's Website |
| P | WKTV news article dated October 31, 2022 | Public News Article |

5

| Q | New York Post article dated November 1, 2022 | Public News Article |
|---|---|---|
| R | WKTV news article dated November 16, 2022 | Public News Article |
| S | Spectrum Local News article dated March 6, 2023 | Public News Article |
| U | Utica School Board Meeting dated August 23, 2022 | Public Board Minutes |
| V | Utica School Board Meeting dated January 24, 2022 | Public Board Minutes |

**Exhibit A and F** are forms filed by Evolv with the SEC on February 20, 2024 and May 9, 2024.  As discussed above, courts have long held that SEC filings are precisely the types of public documents the accuracy of which cannot be disputed and that courts may judicially notice. (*See supra* at 5.)

**Exhibit I** is an FTC press release published on the FTC's website dated November 26, 2024.  **Exhibit N** is a Department of Homeland Security ("DHS") fact sheet published on DHS's website dated January 2020**.**  Both exhibits are subject to judicial notice as public-facing statements published on an administrative agency's website.  *See Kader v. Sarepta Therapeutics, Inc.*, 2016 WL 1337256, at *11 (D. Mass April 5, 2016) (Burroughs, J.) (taking judicial notice of a statement published on the FDA's website in considering a motion to dismiss a securities fraud claim); *Gent v. CUNA Mut. Ins. Soc'y*, 611 F.3d 79, 84 n.5 (1st Cir. 2010) (taking judicial notice of relevant facts provided on an administrative agency's website, which were "not subject to a reasonable dispute").

**Exhibits P, Q, R, and S** are published news articles.  **Exhibit P** is a WKTV news article dated October 31, 2022.  **Exhibit Q** is a *New York Post* article dated November 1, 2022.  **Exhibit R** is a WKTV article dated November 16, 2022.  **Exhibit S** is a Spectrum Local News article dated March 6, 2023.  **Exhibits P, Q, R, and S** are subject to judicial notice because they are "newspaper articles and press releases [whose] contents cannot be reasonably questioned."  *See Madison v. Cruz*, 393 F. Supp. 3d 135, 138 n.2 (D. Mass. 2019) (taking judicial notice of an

6

article published on a news agency's website) (cleaned up); *see also Humphrey v. Comoletti*, 2017 WL 1224539, at *9 n.7 (D. Mass. March 31, 2017) (Burroughs, J.) (taking "judicial notice of the existence of [] news articles without regard to the truth of [their] contents.").

**Exhibits U and V** are minutes from meetings of the Utica City School District Board of Education held on August 23, 2022, and January 24, 2023, made publicly available on the school board website.  *See Trustees of Iron Workers Dist. Council of New England Pension, Health & Welfare Annuity, Vacation, & Educ. Funds v. Monadnock Steel & Precast LLC*, 282 F. Supp. 3d 445, 447 (D. Mass. 2017) ("The court may take judicial notice of undisputed facts from public records."); *see also Sissom v. Univ. of Texas High Sch.*, 927 F.3d 343, 348 n.2 (5th Cir. 2019) (taking judicial notice of board of education meeting minutes); *E. D. v. Noblesville Sch. Dist.*, No. 1:21-CV-03075-SEB-TAB, 2024 WL 1140919, at *10 (S.D. Ind. Mar. 15, 2024) (taking "judicial notice of the agenda and minutes of the June 15, 2021 regular school board meeting . . . which are accessible from the Noblesville Schools website").

WHEREFORE, Defendants respectfully request that, in ruling on their motion to dismiss, the Court take judicial notice of the Noticed Exhibits annexed to the Mendell Declaration.

7

ny-2917039

Dated:  March 28, 2025                    /s/ Nathaniel R. Mendell
                                         MORRISON & FOERSTER LLP
                                         Nathaniel R. Mendell
                                         200 Clarendon Street Floor 21
                                         Boston, MA  02116
                                         Telephone:  617.648.4700
                                         Facsimile:  617.830.0142
                                         Email:  NMendell@mofo.com

                                         Jamie A. Levitt (admitted *pro hac vice*)
                                         Jocelyn E. Greer (admitted *pro hac vice*)
                                         250 West 55th Street
                                         New York, NY  10019-9601
                                         Telephone:  212.468.8000
                                         Email:  JLevitt@mofo.com
                                                 JGreer@mofo.com

                                         *Counsel for Defendants*

8

ny-2917039

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to Local Rule 5.4(c), I hereby certify that on this 28th day of March, 2025, I caused a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record by electronic means.

*/s/ Nathaniel R. Mendell*
Nathaniel R. Mendell

ny-2917039