## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE EVOLV TECHNOLOGY HOLDINGS INC. SECURITIES LITIGATION | Case No. 1:24-cv-10761-ADB<br><br>Leave to File Granted On February 26, 2025 |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

**INTRODUCTION**

Even though their Motion to Dismiss is ostensibly brought pursuant to Federal Rule of Civil Procedure 12(b)(6), which assesses the sufficiency of a pleading, Defendants[1] submit a whopping 22 Exhibits with their Motion. *See* Mendell Decl., ECF 91, Exs. A-V.[2] The Exhibits consist of roughly 100 pages, more pages than the Second Amended Complaint ("SAC," ECF 84). In Defendants' Request for Judicial Notice ("Request" or "Def. Req."), ECF 94, Defendants ask the Court to consider these 22 Exhibits in connection with the Motion, invoking the doctrine of incorporation by reference and judicial notice under Federal Rule of Evidence 201. Among other requests, Defendants ask the Court to take judicial notice of a grab bag of Evolv press releases, Federal Trade Commission ("FTC") press releases, DHS ("Department of Homeland Security") fact sheets, local news articles, and minutes from Utica school board meetings, *see* Exs. A, N, P, Q, R, S, U & V, almost none of which are mentioned or relied upon in the SAC.

This is a inappropriate use of judicial notice and one emblematic of a "concerning pattern in securities cases" in which defendants "exploit[] procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).[3] As the Ninth Circuit has cautioned:

> If defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently "plausible" claim for relief.

*Id.* at 998-99. Defendants are attempting to do exactly this: "present their own version of the facts at the pleading stage." *Id.* It need not be permitted here.

---

[1] "Defendants" means Evolv Technologies Holdings, Inc. ("Evolv"), George, Mark Donohue, Mario Ramos, Kevin Charlton, Thomas J. Sullivan, Charles Goldman, Charlie Baynes-Reid, Adam Deutsch, Marc Saiontz, Kathleen Harris, Brian Mathis, Neil Glat, Sezaneh Taherian.

[2] Unless noted, all references to "Exhibits" or "Ex." are to the Mendell Decl., ECF 91.

[3] Unless noted, all emphasis is added, all quotations and citations are omitted, and all citations are cleaned up.

Judicial notice is not a means for Defendants to smuggle in their own version of the facts at the pleading stage. As such, the Court should not take judicial notice of Exhibits A, N, P, Q, R, S, U & V, which were generally not cited in the SAC and are introduced only to dispute well-pleaded allegations in the SAC. And while Plaintiffs concede that the Court can consider Exhibits B-M, O & T, as they were all actually cited and relied upon in the SAC, the Court should not consider them for the truth of the matter asserted.

## ARGUMENT

## THE COURT SHOULD DENY THE REQUEST FOR JUDICIAL NOTICE

Defendants ask that the Court take judicial notice of 10 documents, even though several of those documents are cited nowhere in the SAC. *See* Exs. A, F, I, N, P, Q, R, S, U & V. These Exhibits were plucked from outside the pleadings, by Defendants, to re-make the record to their liking and argue facts and defenses on their Motion to Dismiss. This is an inappropriate use of judicial notice, and Defendants' request for judicial notice should be denied.

Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). But judicial notice is inappropriate if facts are disputed, *see Orexigen*, 899 F.3d at 998-99, or if there is a "reasonable dispute" as to "what [a particular document] establishes" or "reveal[s]." *Id*. at 1001. To the extent that Defendants use the Exhibits for their truth-on-the-market defense, "[s]ubmitting documents not mentioned in the complaint" to "create a defense" is "nothing more than another way of disputing the factual allegations in the complaint." *Id*. at 1002.

As mentioned above, Defendants ask this Court to take judicial notice of company press releases, FTC press releases, DHS fact sheets, local news articles, and even minutes from Utica

School Board meetings, with snippets of transcribed testimony therein. *See* Exs. A, F, I, N, P, Q, R, S, U & V. Defendants claim that all of these documents support the dismissal of this case on the pleadings, pre-discovery.

Defendants' request for judicial notice should be denied. Contrary to Defendants' suggestion, courts do not take judicial notice of documents to dispute well-pleaded factual allegations in a complaint, which is what Defendants attempt to do here. Defendants cite Utica school board minutes (**Exhibits U & V**), to dispute what was known about Evolv's deficiencies at the time. Def. Br. at 20. But the exhibits cannot be used to raised factual disputes, and there is at least a "reasonable dispute" as to "what [the minutes even] establish[]" or "reveal." *Orexigen*, 899 F.3d at 1001.[4] Defendants cite news articles (**Exhibits P, Q, R, S**) to dispute what was known about Evolv's deficiencies at the time of the corrective disclosures. Def. Br. at 20. But here again, Defendants are raising disputed facts; and it is unclear what the Exhibits exactly establish.[5] This falls far short of the indisputability standards of Rule 201(b). *See Orexigen*, 899 F.3d at 1001. Judicial notice is inappropriate here. *Id.* at 998 (noting that judicial notice "should not be used to resolve competing theories" at the pleading stage); *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156-57 (2d Cir. 2006) (finding error where the court relied on documents the

---

[4] Defendants cite *Trs. of Iron Workers Dist. Council of New England Pension, Health & Welfare Annuity, Vacation, & Educ. Funds v. Monadnock Steel & Precast LLC*, 282 F. Supp. 3d 445, 447-48 (D. Mass. 2017) (Def. Req. at 7), but that involved a bare statement of the rule, nothing more. Defendants cite *Sissom v. Univ. of Texas High Sch.*, 927 F.3d 343, 348 n.2 (5th Cir. 2019) (Def. Req. at 7), but that case did not involve a motion to dismiss: judicial notice was sought on appeal to establish the stated purpose behind the creation of a school. That case should not control here, where the interaction between the judicial notice standard and motion to dismiss standard is key. Defendants cite *E.D. v. Noblesville Sch. Dist.*, 2024 WL 1140919, at *10 (S.D. Ind. Mar. 15, 2024) (Def. Req. at 7), but that case used minutes to take notice of the date on which a school board approved an annual parent-student handbook. That is a much narrower and more precise use of judicial notice than what Defendants attempt here.

[5] Defendants cite *Madison v. Cruz*, 393 F. Supp. 3d 135, 138 n.2 (D. Mass. 2019) (Def. Req. at 6-7), but that case again demonstrates just how non-specific Defendants' request is here. There, the court allowed several press releases to take judicial notice of the month when a resignation occurred. Defendants make far more nebulous claims. Defendants cite *Humphrey v. Comoletti*, 2017 WL 1224539, at *9-10 n.7 (D. Mass. Mar. 31, 2017), but there judicial notice was granted so that *plaintiffs* could attach a newspaper article suggesting there might be additional incidents of police misconduct. That is nothing like this case.

complaint did not mention to resolve issue in defendant's favor, even though complaint had not raised issue); *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 995-96 (S.D. Cal. 2005) (declining to incorporate exhibits in SEC action where complaint did not mention or rely on them, but defendants "offer[ed] [them] as [allegedly exculpatory] evidence").

Nor do the other Exhibits require judicial notice. **Exhibit A** is only used to provide flattering background about the Company. Def. Br. at 3-4. Defendants do not provide any webpage address for the Exhibit, and they do not provide any page citation within the Exhibit to specify exactly on what they are relying. *Id*. This is fatal to the request, as generally one does not take judicial notice of entire documents, but specific facts within those documents. *See Orexigen*, 899 F.3d at 999 ("A court must also consider—and identify—which fact or facts it is noticing from such a transcript. Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth."). **Exhibit F** is included as a bare citation in Defendants' Motion, without discussion or elaboration, and again without page citation. Def. Br. at 6. Defendants suggest that the Exhibit can be noticed simply because it is the "type" of thing that gets noticed. Def. Req. at 6. This is obviously not sufficient. In any case, Defendants cannot use the Exhibit to dispute well-pleaded allegations or support affirmative defenses at the pleading stage, and they cannot use it for the truth of the matter asserted. **Exhibit N** is a fact sheet from a DHS website but Defendants do not provide the webpage link, and they use the Exhibit to dispute whether Evolv accurately reported that DHS determined that it had satisfied the criteria to receive SAFETY Act designation.[6] Def. Br. at 14 n.6. Again, facilitating

---

[6] In *Kader v. Sarepta Therapeutics, Inc.*, 2016 WL 1337256, at *11 (D. Mass. Apr. 5, 2016) (Def. Req. at 6), this Court took judicial notice of a policy statement from an FDA official because that statement was "not only relevant, but *central* to Plaintiffs' claims." That is not true here, and Defendants do not pay the documents that kind of attention. Defendants cite *Gent v. CUNA Mut. Ins. Soc'y*, 611 F.3d 79, 84 n.5 (1st Cir. 2010) (Def. Req. at 6), but the court there actually stated that it was "unclear" to what extent the information on a CDC's website was "formally part of the

4

such factual disputes is not the purpose of judicial notice,[7] and the process should not be used to simply "pile on numerous documents." *Orexigen*, 899 F.3d at 999. The request for judicial notice of Exhibits A, F, I, N, P, Q, R, S, U & V should be denied.

Even if the Court decides to grant Defendants' request for judicial notice of Exhibits A, F, N, P, Q, R, S, U & V (it should not), the documents should not be used for the truth of the matter asserted, *see Sarepta Therapeutics*, 2016 WL 1337256, at *11, and should not be used solely to dispute well-pleaded allegations in the SAC. Plaintiffs do not contest that the Court can consider Exhibits B, C, D, E, G, H, J, K. L, M, O, and T, the documents for which incorporation by reference is sought, as those documents were all *actually* cited and relied upon in the SAC, but the Court should not allow Defendants to use them for the truth of the matter asserted therein.

**CONCLUSION**

For these reasons, the Court  should not take judicial notice of Exhibits A, N, P, Q, R, S, U, and V, which are largely unmentioned in the SAC and which are used to dispute well-pleaded allegations in the SAC, and only consider Exhibits B- M, O, and T so long as they are not used for the truth of the matter asserted therein.

Respectfully submitted,

Dated: June 24, 2025          */s/ Daryl Andrews*
                                           **ANDREWS DEVALERIO LLP**
                                           Glen DeValerio (BBO #122010)

---

record," finding it "unproblematic" only because "other evidence in the record convey[ed] most of the information," and taking judicial notice only "to be on the safe side." *Id*.

[7] Defendants cite *Corban v. Sarepta Therapeutics, Inc.*, 2015 WL 1505693, *5 n.4 (D. Mass. Mar. 31, 2015) (Def. Req. at 5), where the Court took judicial notice of various SEC filings. Def. Req. at 5. But, of course, there will be instances in which judicial notice of SEC filings has been taken. That does not mean that it is warranted here, or that those using the documents in other cases were using them to dispute facts, as Defendants do here. Defendants cite *LSI Design & Integration Corp. v. Tesaro, Inc.*, 2019 WL 5967994, *1-2 n.2 (D. Mass. Nov. 13, 2019) (Def. Req. at 5), but that just shows that SEC filings are "the sorts" of thing that can be judicially noticed. The same is true of *Caviness v. Evans*, 229 F.R.D. 354, 360 n.45 (D. Mass. 2005) (Def. Req. at 5), which includes one line about how judicial notice "may" be taken of SEC filings. That is true as a general matter, but judicial notice is not warranted here.

5

Daryl Andrews (BBO #658523)
P.O. Box 67101
Chestnut Hill, MA 02467
Telephone: (617) 999-6473
glen@andrewsdevalerio.com
daryl@andrewsdevalerio.com

*Liaison Counsel for Plaintiffs*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Casey E. Sadler (admitted *pro hac vice*)
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
rprongay@glancylaw.com
csadler@glancylaw.com
prajesh@glancylaw.com

*Counsel for Plaintiffs and Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
2121 Avenue of the Stars, Suite 800
Los Angeles, CA 90067
Telephone: (310) 914-5007
fcruz@frankcruzlaw.com

*Additional Counsel for Plaintiff Chris Swanson*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of June 2025, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Daryl Andrews*
Daryl Andrews

.

1