**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE EVOLV TECHNOLOGIES HOLDINGS INC. SECURITIES LITIGATION | Case No. 1:24-cv-10761-ADB |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF: (I) PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (II) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

# TABLE OF CONTENTS


I. PRELIMINARY STATEMENT .......... 1

II. ARGUMENT .......... 3

A. The Positive Reaction Of The Settlement Class Supports Approval Of The Settlement .......... 3

B. The Settlement Class's Reaction Supports Approval Of The Plan Of Allocation .......... 4

C. The Settlement Class's Reaction Supports Approval Of The Fee And Expense Application .......... 5

III. CONCLUSION .......... 6

# TABLE OF AUTHORITIES

CASES

*Bussie v. Allmerica Fin. Corp.*,
50 F. Supp. 2d 59 (D. Mass. 1999) .......... 3

*Gordan v. Massachusetts Mutual Life Insurance Co.*,
2016 WL 11272044 (D. Mass. Nov. 3, 2016) .......... 5

*Hill v. State St. Corp.*,
2015 WL 127728 (D. Mass. Jan. 8, 2015) .......... 3

*In re Asacol Antitrust Litig.*,
2017 WL 11475275 (D. Mass. Dec. 7, 2017) .......... 5

*In re AT&T Corp. Sec. Litig.*,
2005 WL 6716404 (D.N.J. Apr. 25, 2005) .......... 4

*In re Compact Disc Minimum Advertised Price Antitrust Litig.*,
216 F.R.D. 197 (D. Me. 2003) .......... 3

*In re NetBank, Inc. Sec. Litig.*,
2011 WL 13353222 (N.D. Ga. Nov. 9, 2011) .......... 5

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
986 F. Supp. 2d 207 (E.D.N.Y. 2013) .......... 4

*In re Puerto Rican Cabotage Antitrust Litig.*,
815 F. Supp. 2d 448 (D.P.R. 2011) .......... 3

*In re StockerYale, Inc. Sec. Litig.*,
2007 WL 4589772 (D.N.H. Dec. 18, 2007) .......... 2, 5

*In re Tyco Int'l, Ltd. Multidistrict Litig.*,
535 F. Supp. 2d 249 (D.N.H. 2007) .......... 3

*In re Veeco Instruments Inc. Sec. Litig.*,
2007 WL 4115809 (S.D.N.Y. Nov. 7, 2007) .......... 4

*Machado v. Endurance Int'l Grp. Holdings, Inc.*,
2019 WL 4409217 (D. Mass. Sept. 13, 2019) .......... 5

*Medoff v. CVS Caremark Corp.*,
2016 WL 632238 (D.R.I. Feb. 17, 2016) .......... 3, 4

*Miller v. Sonus Networks, Inc.*,
2024 WL 7126849 (D. Mass. April 24, 2024) .......... 5

*Natchitoche Par. Hospital Serv. Dist. v. Tyco Int'l, Ltd.*,
2010 WL 11693979 (D. Mass. March 12, 2010) .......... 5

*Ressler v. Jacobson*,
149 F.R.D. 651 (M.D. Fla. Dec. 15, 1992) .......... 2

*Roberts v. TJX Cos., Inc.*,
2016 WL 8677312 (D. Mass. Sept. 30, 2016) .......... 4

*Trombley v. Bank of Am. Corp.*,
2013 WL 5153503 (D.R.I. Sept. 12, 2013) .......... 3

STATUTES

15 U.S.C. § 78u-4(a)(4) .......... 6

15 U.S.C. § 77z-1(a)(4) .......... 6

Court-appointed lead plaintiff Robert Falk ("Lead Plaintiff") and additional named plaintiffs Chris Williams, Tim Carrillo and Chris Swanson (collectively, with Lead Plaintiff, "Plaintiffs"), on behalf of themselves and the Settlement Class, and lead counsel Glancy, Prongay Wolke & Rotter LLP ("Lead Counsel"), respectfully submit this reply memorandum of law in further support of (i) Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF Nos. 127-128); and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF Nos. 129-130) (collectively, the "Motions").[1]

## I. PRELIMINARY STATEMENT

Pursuant to the Court's April 16, 2026, Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 125, the "Preliminary Approval Order"), approximately 55,447 copies of the Court-approved Postcard Notice or Notice and Claim Form were disseminated to potential Settlement Class Members and the largest brokerage firms, banks, institutions, and other nominees.[2] In addition, the Court-appointed Claims Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq"): (i) caused the Summary Notice to be published in *Investor's Business Daily* and transmitted over *PR Newswire* on May 18, 2026,[3] and (ii) caused the Postcard Notice, Notice, Claim Form, Stipulation, and Preliminary Approval Order, among other important case-related

[1] Unless otherwise noted, capitalized terms have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated April 13, 2026 (ECF No. 124-1; "Stipulation") or in the Declaration of Casey E. Sadler in Support of: (I) Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 131).

[2] *See* Supplemental Declaration of Jessie Mahn Regarding: (I) Dissemination of Notice; (II) Call Center Services; (III) Settlement Website; (IV) Requests for Exclusion and Objections Received to Date; and (V) Claims Received to Date (the "Suppl. Mailing Decl.") (attached as Exhibit 1 hereto), at ¶4.

[3] ECF No. 131-2 (Declaration of Jessie Mahn Regarding: (I) Mailing/Emailing of Notice; (II) Publication of Summary Notice; (III) Call Center Services; (IV) the Settlement Website; and (V) Requests for Exclusion and Objections Received to Date ("Initial Mailing Decl.")), at ¶13.

documents, to be posted on the Settlement Website (www.EvolvTechSecuritiesSettlement.com). *See* Initial Mailing Decl., ¶¶17-18. The Postcard Notice, Notice, Summary Notice and Settlement Website informed Settlement Class Members of the September 3, 2026, deadline to: (i) submit an objection to the Settlement, Plan of Allocation, or request for attorneys' fees and reimbursement of Litigation Expenses, or (ii) request exclusion from the Settlement Class. *See id.*, ¶¶21-23.

On August 20, 2026, fourteen (14) days prior to the objection deadline, Plaintiffs and Lead Counsel filed their opening papers in support of the Settlement, Plan of Allocation, and request for attorneys' fees and reimbursement of Litigation Expenses. The Motions are supported by the declarations of Plaintiffs, Plaintiffs' Counsel, and the Claims Administrator. These papers are available on the public docket and on the Settlement Website. *See* ECF Nos. 127-131; Supp. Mailing Decl., at ¶8.

Following this extensive notice process, ***no*** Settlement Class Member has objected to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses. Moreover, Epiq has not received a single valid request for exclusion. *See id.*, at ¶12.[4] The absence of any objections or valid opt-outs by Settlement Class Members provides strong evidence of the fairness and reasonableness of the proposed Settlement, Plan of Allocation, and request for attorneys' fees and reimbursement of Litigation Expenses. *See Ressler v. Jacobson*, 149 F.R.D. 651, 656 (M.D. Fla. Dec. 15, 1992) ("The fact that there are no objections to either the Settlement or to Petitioners' request for attorney's fees is strong evidence of the propriety and acceptability of that request."); *see also In re StockerYale, Inc. Sec. Litig.*, 2007 WL 4589772, at *7 (D.N.H. Dec. 18, 2007) (approving class settlement, 33.3% fee award and reimbursement of litigation expenses where "no objection was filed against either the terms of the

---

[4] *See also* Initial Mailing Decl., ¶22 ("As of August 7, 2026, Epiq has received one request for exclusion, which Epiq has determined is invalid because the person requesting exclusion purchased Evolv warrants, which are not securities included in the Settlement.").

proposed Settlement or the ceiling on fees and expenses to be requested by Lead Plaintiffs' Counsel.").[5]

For all the reasons set forth herein and in the opening papers filed with the Court on August 20, 2026, Plaintiffs and their counsel respectfully request that the Court approve the Settlement, Plan of Allocation and request for attorneys' fees and reimbursement of Litigation Expenses.

## II. ARGUMENT

### A. The Positive Reaction Of The Settlement Class Supports Approval Of The Settlement

Plaintiffs and Lead Counsel respectfully submit that the complete lack of objections and valid opt-outs support a finding that the Settlement is fair, reasonable, and adequate. *See, e.g.*, *Bussie v. Allmerica Fin. Corp.*, 50 F. Supp. 2d 59, 77 (D. Mass. 1999) (the "favorable reaction of class to settlement, albeit not dispositive, constitutes strong evidence of fairness of proposed settlement and supports judicial approval"); *Trombley v. Bank of Am. Corp.*, 2013 WL 5153503, at *6 (D.R.I. Sept. 12, 2013) ("The lack of objection and the small number of potential class members who opted out of the class weigh in favor of approving the settlement.").[6]

"The fact that no institutional investors have objected or requested exclusion also supports approval of the Settlement."[7] *Hill v. State St. Corp.*, 2015 WL 127728, at *8 (D. Mass. Jan. 8, 2015); *In re Tyco Int'l, Ltd. Multidistrict Litig.*, 535 F. Supp. 2d 249, 261 (D.N.H. 2007) (finding that "[t]he

---

[5] Unless otherwise indicated, all internal quotations and citations are omitted.

[6] *See also Medoff v. CVS Caremark Corp.*, 2016 WL 632238, at *6 (D.R.I. Feb. 17, 2016) ("the lack of any serious objection to the settlement agreement from members of the class weighs in favor of approving the settlement."); *In re Puerto Rican Cabotage Antitrust Litig.*, 815 F. Supp. 2d 448, 473 (D.P.R. 2011) (finding that receipt of just three objections, none of which challenged the adequacy of the settlement amount, following mailing of over 61,000 notices, "certainly weighs in favor of approval" of the settlement); *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 216 F.R.D. 197, 211 (D. Me. 2003) (reaction of class supported approval of settlement where "the number of objections and opt-outs [was] miniscule" in relation to "the size of the class").

[7] Institutional investors held between 27% to 81% of Evolv's common stock outstanding during the Settlement Class Period.

reaction of the class to the settlement has been almost entirely positive," where "[n]one of the institutional investors have objected to the size of the settlement"); *In re AT&T Corp. Sec. Litig.*, 2005 WL 6716404, at *4 (D.N.J. Apr. 25, 2005) (approving settlement where "no objections were filed by any institutional investors who had great financial incentive to object").

Given these circumstances, there can be no question that the reaction of the Settlement Class favors final approval. *See Roberts v. TJX Cos., Inc.*, 2016 WL 8677312, at *6 (D. Mass. Sept. 30, 2016) (finding that lack of objections and small number of opt-outs "supports judicial approval of the Settlement").

### B. The Settlement Class's Reaction Supports Approval Of The Plan Of Allocation

The lack of objections from Settlement Class Members also supports approval of the Plan of Allocation. *See, e.g.*, *Machado v. Endurance Int'l Grp. Holdings, Inc.*, No. 1:15-cv-11775-GAO, ECF No. 96, ¶¶4, 6 (D. Mass. Sept. 13, 2019) (approving plan of allocation where "[t]he Notice, which included the Plan of Allocation, was available to potential Settlement Class Members and nominees on the Settlement Website and no objections to the proposed plan were submitted."); *Medoff*, 2016 WL 632238, at *7 ("In the absence of any objection to [the plan of allocation], the court concludes that this approach is grounded in a reasonable and rational basis, and is fair to the members of the class."); *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 986 F. Supp. 2d 207, 240 (E.D.N.Y. 2013) (conclusion that the proposed plan of allocation was fair and reasonable was "buttressed by the . . . absence of objections from class members").[8]

[8] *See also In re Veeco Instruments Inc. Sec. Litig*., 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.").

### C. The Settlement Class's Reaction Supports Approval Of The Fee And Expense Application

Finally, the absence of ***any*** objections to Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses, including awards of $20,000 to Lead Plaintiff and $5,000 to each of the other Plaintiffs, to reimburse them for time spent prosecuting the Action, supports a finding that the request is fair and reasonable. *See, e.g.*, *Machado v. Endurance Int'l Grp. Holdings, Inc.*, 2019 WL 4409217, at *1 (D. Mass. Sept. 13, 2019) (awarding 33⅓ of $18,650,000 settlement fund, reimbursement of litigation expenses and PSLRA awards to lead plaintiffs where "[t]here were no objections to the requested attorneys' fees and expenses."); *In re Asacol Antitrust Litig.*, 2017 WL 11475275, at *4-5 (D. Mass. Dec. 7, 2017) (awarding 33⅓ of $15 million settlement fund, litigation expenses and service awards where "[t]here hav[e] been no objections to either the Settlement or the motion for an award of attorneys' fees, reimbursement of expenses, and service awards to the Class Representatives[.]); *In re StockerYale, Inc. Sec. Litig.*, 2007 WL 4589772, at *7 (D.N.H. Dec. 18, 2007) (awarding 33.3% of settlement fund, plus litigation expenses, where there were no objections); *Natchitoche Par. Hospital Serv. Dist. v. Tyco Int'l, Ltd.*, 2010 WL 11693979, at *4 (D. Mass. March 12, 2010) (awarding one-third of $32.5 million settlement fund, plus expenses, where there were no objections).[9]

* * *

[9] *See also Gordan v. Massachusetts Mutual Life Insurance Co.*, 2016 WL 11272044, at *1 (D. Mass. Nov. 3, 2016) (awarding one-third of $30.9 million settlement fund and case contribution awards where "[t]he record is clear that the Class Members overwhelmingly support this settlement and the work performed by Class Counsel."); *Miller v. Sonus Networks, Inc.*, 2024 WL 7126849, at *1-2 (D. Mass. April 24, 2024) (awarding 33⅓ of $4.5 million settlement fund, litigation expenses and PSLRA awards of $10,000 to each of the three plaintiffs where "[t]here were no objections to the requested attorneys' fees and expenses."); *In re NetBank, Inc. Sec. Litig.*, 2011 WL 13353222, at *2 (N.D. Ga. Nov. 9, 2011) (awarding 34% of the $12.5 million gross settlement fund, plus expenses, and stating: "[i]n addition, the absence of any objection by Class Members to the requested attorneys' fees and reimbursement of costs and expenses is significant, and supports the reasonableness of the requested fee").

In sum, the lack of objections and almost unheard-of complete absence of requests for exclusion from ***any*** members of the Settlement Class strongly militates in favor of a finding that the Settlement is fair, reasonable, and adequate, that the proposed Plan of Allocation is fair and equitable, and that Lead Counsel's fee and expense application is fair and reasonable.

## III. CONCLUSION

For the foregoing reasons, and for the additional reasons previously set forth in the opening papers, Plaintiffs and Lead Counsel respectfully request that the Court grant the Motions. Copies of the (i) proposed Judgment Approving Class Action Settlement; (ii) proposed Order Approving Plan of Allocation of Net Settlement Fund; and (iii) proposed Order Awarding Attorneys' Fees and Reimbursement of Litigation Expenses (including awards to Plaintiffs pursuant to 15 U.S.C. §§ 77z-1(a)(4); 78u-4(a)(4)) are attached hereto as Exhibits 2, 3, and 4, respectively.

Dated: September 17, 2026

Respectfully submitted,

*/s/ Casey E. Sadler*

**GLANCY PRONGAY WOLKE & ROTTER LLP**
Joseph D. Cohen (admitted *pro hac vice*)
Casey E. Sadler (admitted *pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
jcohen@glancylaw.com
csadler@glancylaw.com

*Lead Counsel for Plaintiffs and the Proposed Settlement Class*

**ANDREWS DEVALERIO LLP**
Glen DeValerio (BBO #122010)
Daryl Andrews (BBO #658523)
P.O. Box 67101
Chestnut Hill, MA 02467
Telephone: (617) 999-6473
glen@andrewsdevalerio.com
daryl@andrewsdevalerio.com

*Liaison Counsel for Plaintiffs and the Proposed Settlement Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
2121 Avenue of the Stars, Suite 800
Los Angeles, CA 90067
Telephone: (310) 914-5007
fcruz@frankcruzlaw.com

*Additional Counsel for Plaintiff Chris Swanson*

**PROOF OF SERVICE**

I hereby certify that on this 17th day of September, 2026, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*s/ Casey E. Sadler*
Casey E. Sadler